[Civ. No. 4272. Fourth Dist. June 25, 1952.]

RALPH CARRIER et al., Appellants, v. JAMES ROBBINS et al., Respondents.

Walter Wencke for Appellants.

James Don Keller, District Attorney (San Diego), Carroll H. Smith and Robert G. Berrey, Deputy District Attorneys, for Respondents.

MUSSELL, J.—Plaintiffs appeal from a judgment of dismissal after a general demurrer was sustained without leave to amend to their second amended complaint.

The complaint, as amended, is for declaratory relief on the construction and interpretation of section 40 of the charter of the county of San Diego, which provides as follows:

"In fixing compensation, the Board of Supervisors shall at least annually, by ordinance, provide in each instance for payment of not less than the prevailing or general current rate of compensation or wages paid by private employers in the County of San Diego for similar quality or quantity of service, in case such prevailing compensation or wages can be ascertained."

Plaintiffs, who are employees of the county of San Diego, allege in the first count of the second amended complaint that the said charter imposes the duty upon the board of supervisors of ascertaining the prevailing rate of pay referred to therein; that in ascertaining the prevailing rate of pay, the supervisors must use only the yardstick of work of "similar quality or quantity" and may not take into consideration such factors as the cost of living or various working conditions; that in the case of county employees who have duties of two or more crafts in private industry, the board of supervisors must look to the several crafts in private industry which have those functions which are performed by the particular class of county employees and

weigh the average of the prevailing wages of the crafts in private industry according to the use made of these functions in the county employ; that in making provision for the payment of the rates ascertained, the supervisors may not make deductions for any conditions of employment which exist in county employ and which are not found in private industry; that by using the yardstick "similar quality and quantity" of production rather than using the yardstick of "comparability conditions of employment" or relying upon the cost of living index in ascertaining the prevailing rates of pay in private industry and by making no deductions for any county conditions of employment in payment of that rate, the actual prevailing rates of pay were as set forth in appendix B attached to the complaint; that by using the yardstick of "comparability of conditions" of employment and relying upon the cost of living index rather than using solely the yardstick of the rate of production ("similar quality and quantity of service") in ascertaining the rate, or by making deductions for conditions of employment when providing for the payment of the rate theretofore ascertained, the board of supervisors in an ordinance set the rates of pay enumerated in appendix A incorporated in the complaint; that the defendants dispute: first, the "criteria" to be employed in ascertaining the prevailing rate of pay in private industry for a particular category of county employee; and, second, the contention that in providing for the payment of the rate so ascertained, no deductions for county conditions of work may be made; and that a justiciable controversy exists between the defendants and plaintiffs.

In a second and third count it is alleged that the county ordinance adopted fixing the county salaries contained classifications and rates of pay not subject to the terms of the charter; that the board was under a continuing duty to reexamine and ascertain the prevailing rates after the adoption of the ordinance and until its effective date; that there was an increase in prevailing rates which the board did not take into consideration; that on December 26, 1950, the board of supervisors passed and adopted a salary ordinance granting to all employees of the county of San Diego a five per cent blanket increase in their salaries and wages effective February 1, 1951, for the balance of the fiscal year 1950-1951; that between June 10, 1950, and December 26, 1950, the salaries of plaintiff were by the use of the yardstick of a "similar quality and quantity" as set forth in appendix B

of the complaint; that the board maintains it has discretion to grant interannual increases without regard to section 40 of the charter and that this, therefore, constitutes a justiciable controversy.

The prayer of the complaint is that the court declare the meaning of section 4 of the charter as contended by plaintiffs.

It is apparent from the record before us that plaintiffs are attempting to obtain a judgment of the court establishing a rule or "yardstick" which must govern the board of supervisors in fixing the salaries of county employees. Plaintiffs argue that only the judiciary has the power to interpret a charter and that the supervisors do not have the power to interpret the extent of their authority and find the facts accordingly. This contention is without merit. ■ The fixing of salaries of county and municipal employees is a legislative function. (*Spencer* v. *City of Alhambra,* 44 Cal.App.2d 75, 77 [111 P.2d 910] ; *City & County of San Francisco* v. *Boyd,* 22 Cal.2d 685, 689 [140 P.2d 666].) ■ The determination of whether the rate of compensation fixed by the board of supervisors is not less than the prevailing or general current rate of compensation paid by private employers in the county of San Diego is within the discretion of the board and the courts will not interfere with that determination unless the action taken is fraudulent or so palpably unreasonable and arbitrary as to indicate an abuse of discretion as a matter of law. (*City & County of San Francisco* v. *Boyd, supra,* p. 690.) There is no allegation in the second amended complaint that the board of supervisors acted fraudulently, arbitrarily, capriciously, unreasonably or in bad faith, or that there was an abuse of discretion.

Counsel for plaintiffs stated in open court that the board had acted in good faith and that he could not show that there was fraud or an abuse of discretion; that the board acted under misinformation furnished it by the civil service commission and that "My main purpose is to clear up that source of misinformation. I would like once and for all to find out what exactly is the power of the board of supervisors under this charter and upon what they must base their findings."

Plaintiffs concede that the board of supervisors pursuant to the terms of the charter have a fact finding function. ■ The courts will not interfere in the exercise of this function in an action for declaratory relief unless it can be shown that there was an abuse of discretion, fraud, bad faith

or unreasonable and arbitrary action. As was said in *Hoyt v. Board of Civil Service Commrs.*, 21 Cal.2d 399, 403 [132 P.2d 804]:

"It has been held repeatedly that actions for declaratory relief involve ·matters of practice and procedure only and are not intended in any way to enlarge the jurisdiction of courts over parties and subject matter. *(Cf. Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 240 [57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000]; *Nashville, etc. Ry. v. Wallace,* 288 U.S. 249, 264 [53 S.Ct. 345; 77 L.Ed. 730]; *Guaranty Trust Co. of New York v. Hannay* (1915), 2 K.B. 536; see Anderson, Declaratory Judgments (1940), p. 206, Borchard, Declaratory Judgments (2d ed. 1941), p. 231.)"

Section 1060 of the Code of Civil Procedure does not confer upon the courts the power to stop or interfere with administrative proceedings by declaratory decree where it would not, under recognized and settled principles, have interfered with or stopped such administrative proceedings under its power to enjoin. (*Imperial Mut. L. Ins. Co. v. Caminetti,* 59 Cal.App.2d 501, 505 [139 P.2d 691].)

In *Allen v. Bowron,* 64 Cal.App.2d 311, 313 [148 P.2d 673], it was held that a public officer may be compelled by mandate proceedings to perform an act which it is his legal duty to perform, but the court in such proceedings may not control the exercise of discretion on the part of the officer and may not substitute its own discretion for the discretion vested in the officer and that a writ of mandate will not issue to force the discretion in a particular manner.

In *Banks v. Civil Service Com.,* 10 Cal.2d 435 [74 P.2d 741], the action was brought in both mandate and declaratory relief to compel payment of higher salaries for jailers than those fixed by the board of supervisors in their annual salary standardization ordinance on various grounds of alleged violation and disregard of the statutes prescribing how the board and such a service commission should act. It was there said, at page 442:

"Plaintiffs complain that there are some fifty-eight other jailers serving in the City and County of San Francisco, all of whom receive a salary of $197 per month, and only the four plaintiffs are limited to a salary of $170 per month. Apparently this is an inequality of which the plaintiffs may well complain, but the power to fix salaries of persons holding positions like or similar to those held by plaintiffs has been lodged by the charter in the Board of Supervisors. Plaintiffs'

remedy lies not with the courts but with the authority upon whom the charter has imposed the duty of fixing the salaries of its officers."

In view of the statements of counsel for plaintiffs made to the court, the pleadings and rules heretofore announced, we conclude that the trial court correctly held that the second amended complaint failed to state facts sufficient to constitute a cause of action for declaratory relief.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.