[Civ. No. 18479.  First Dist, Div. One.  Feb. 17, 1960.]

JOHN F. WALKER et al., Appellants, v. RUSSELL S. MUNRO, as Director of the Department of Alcoholic Beverage Control, et al., Respondents.

M. Mitchell Bourquin and George Olshausen for Appellants.

Stanley Mosk, Attorney General, Charles A. Barrett, Deputy Attorney General, Pillsbury, Madison & Sutro, Brobeck, Phleger & Harrison, Heller, Ehrman, White & McAuliffe, Athearn, Chandler & Hoffman, Bronson, Bronson & McKinnon and Rogers & Clark for Respondents.

BRAY, P. J.—Plaintiffs appeal from summary judgments in favor of defendants in an action for declaratory relief and injunction.

## QUESTIONS PRESENTED

1. Can summary judgment be granted in a declaratory relief action?

2. Does the rule of exhaustion of administrative remedies apply in an action for declaratory relief?

3. Did the trial court abuse the discretion granted by section 1061, Code of Civil Procedure?

## RECORD

Plaintiffs are retail liquor dealers. Defendants are Department of Alcoholic Beverage Control officials and a number of corporations engaged in the sale of distilled spirits to whole-

salers in California. Plaintiffs were charged with violating
the fair trade provisions of the Alcoholic Beverage Control
Act. (Bus. & Prof. Code, § 24750 et seq.) During the pendency
of the latter proceedings, plaintiffs filed this action to obtain
a declaration that the fair trade provisions (Bus. & Prof.
Code, §§ 24750-24757) and rules 99 and 100, Department of
Alcoholic Beverage Control, are unconstitutional and enjoin-
ing defendant officials from enforcement thereof against
plaintiffs.

Defendant officials demurred to the complaint and moved
for summary judgment. Plaintiffs filed an amended complaint
and said defendants demurred thereto and again moved for
summary judgment. The court granted the summary judg-
ment.

The corporate defendants appeared and pleaded to the
amended complaint, and variously filed motions for judgment
on the pleadings and for summary judgment. These judg-
ments were granted. In all instances the judgments against
plaintiffs were based upon the court's determination that (1)
*each of the plaintiffs is engaged in administrative actions*
before the Department of Alcoholic Beverage Control in which
the constitutionality of sections 24750 to 24757, Business and
Professions Code, and of department rules 99 and 100 was
raised; and (2) that it is more expeditious and proper that
the department rule on this question before the court is re-
quired to rule on it.

1. *Summary Judgment.*

Plaintiffs contend that as the object of declaratory
relief is to make a declaration of rights and duties, even if the
plaintiff in a particular case is contending for an erroneous
proposition (*Maguire v. Hibernia S. & L. Soc.* (1944), 23 Cal.
2d 719, 729-730 [146 P.2d 673, 151 A.L.R. 1062]), a dismissal
is not within the contemplation of the declaratory relief stat-
utes whether there are factual issues or not. Section 437c,
Code of Civil Procedure (dealing with summary judgments)
provides in part that where it is claimed that "the action has
no merit . . . the complaint may be dismissed . . ." In 1953
the following was added: "The word 'action' as used in this
section shall be construed to include all types of proceedings."
Viewed in the light of the gradual expansion of actions to
which summary proceedings were made applicable (Stats.
1933, pp. 1848-1849; Stats. 1953, p. 2264; Stats. 1957, pp.
2780-2781), it is apparent that section 437c was intended to
include declaratory relief actions in a proper case. If there is

a jurisdictional defect not apparent on the face of the complaint, or if the relief sought is dependent upon facts which are shown by uncontradicted affidavits not to exist, or if it appears that in the particular case the court desires to exercise the discretion invested in it by section 1061, Code of Civil Procedure, there is no reason why the case should be prolonged and a summary judgment not granted. This brings us to the validity of the court's determination that it had no jurisdiction to proceed because plaintiffs had not exhausted their administrative remedies, and also in the exercise of its discretion the court determined that it would be more expeditious to have the department rule on the constitutional issues raised before the court intervened.

2. *Exhaustion of Administrative Remedies.*

One of the grounds for the summary judgment was that, in view of the pending administrative proceedings in which the constitutionality of the relevant fair trade liquor laws and regulations had been raised, plaintiffs had failed to exhaust their administrative remedies.

As to the corporate defendants, it is true that no administrative proceedings are pending against them, and were this the only ground of the decision for them, the summary judgment probably would not lie (although in *Myers* v. *Bethlehem etc. Corp.* (1938), 303 U.S. 41 [58 S.Ct. 459, 82 L.Ed. 638], and *Home Loan Bank Board* v. *Mallonee* (9th Cir., 1952), 196 F.2d 336, the exhaustion doctrine was held applicable where persons not parties to the administrative proceedings were joined with others who were in an attempt to enjoin the proceedings). The corporate defendants contend that even though they are not parties to the administrative proceedings the issues in the two proceedings are the same, and therefore the trial court properly exercised its discretion under section 1061.

It is firmly established in this state that a litigant must exhaust an administrative remedy provided by statute before he may resort to the courts and that jurisdiction to entertain an action for judicial relief is conditioned upon a completion of the administrative procedure. (*United States* v. *Superior Court* (1941), 19 Cal.2d 189 [120 P.2d 26]; *Abelleira* v. *District Court of Appeal* (1941), 17 Cal.2d 280 [109 P.2d 942, 132 A.L.R. 715].)

The doctrine of exhaustion of remedies has been applied to actions for declaratory relief involving statutes administered by governmental agencies. (*Imperial Mut. L. Ins. Co.* v. *Caminetti* (1943), 59 Cal.App.2d 501, 505 [139

P.2d 691] ; *Chapman* v. *Division of Real Estate* (1957), 153 Cal.App.2d 421, 430-432 [314 P.2d 773] ; *Carrier* v. *Robbins* (1952), 112 Cal.App.2d 32, 36 [245 P.2d 676] ; *Louis Eckert B. Co.* v. *Unemployment R. Com.* (1941), 47 Cal.App.2d 844, 847-848 [119 P.2d 227].) Plaintiffs cite no cases which hold the exhaustion doctrine inapplicable where the party seeking relief in the courts did not initiate the administrative proceedings. On the other hand, the exhaustion doctrine has been held applicable to parties who were in the position of defendants in the administrative proceedings. (*Alexander* v. *State Personnel Board* (1943), 22 Cal.2d 198 [137 P.2d 433] ; *United Insurance Co.* v. *Maloney* (1954), 127 Cal.App.2d 155 [273 P.2d 579].) Plaintiffs assert these cases did not involve actions for declaratory relief which are ''expressly made cumulative'' under section 1062, Code of Civil Procedure. But that section clearly means that the declaratory relief remedy is in addition to and not in lieu of other remedies provided by law. The declaratory relief provisions do not independently empower the courts to stop or interfere with administrative proceedings by declaratory decree. (*Carrier* v. *Robbins, supra,* 112 Cal. App.2d 32, 36.)

Regardless of whether they are ''plaintiffs'' or ''defendants'' in the administrative proceedings, plaintiffs may avail themselves of the complete administrative procedure. Until that procedure has been completed, plaintiffs ''have no standing to ask for judicial relief because they have not yet exhausted the remedies given them by the statute.'' (*Abelleira* v. *District Court of Appeal, supra,* 17 Cal.2d at p. 291.)

*Birch* v. *McColgan* (1941), 39 F.Supp. 358, cited by plaintiffs, is not in point. In that case, the administrative remedy was not adequate where the party who might have invoked it was threatened with a criminal prosecution if he did.

█ Plaintiffs argue that their administrative remedy, if any, is inadequate because it appears that the administrative proceedings may be terminated in their favor without reaching the constitutional questions. Plaintiffs point out that a decision was reached against one of the plaintiffs, which was reversed and remanded by the Appeals Board upon grounds of insufficient evidence. Plaintiffs argue that they may be thus subjected to long proceedings without obtaining a decision on the constitutional questions. However, underlying the exhaustion doctrine is the jurisdictional requirement that the prescribed administrative procedure be exhausted before resort can be had to the courts. Plaintiffs merely contend that such

procedure is not speedy. There is no allegation that the lack of "speediness" is the result of illegal administrative action or will cause such irreparable damage to plaintiffs as would warrant the recognition of an exception to the exhaustion doctrine as discussed in *United Insurance Co.* v. *Maloney, supra,* 127 Cal.App.2d at page 158. And until the administrative procedure has been completed, plaintiffs' contention that they may not be able to obtain a ruling on the constitutional questions appears premature.

■ Plaintiffs also argue that the exhaustion doctrine is inapplicable because the Department of Alcoholic Beverage Control does not have the power, or at least not a preferred power, to decide constitutional questions. However, in *United States* v. *Superior Court, supra,* 19 Cal.2d at page 195, the court stated by way of dictum: "And even where the statute sought to be applied and enforced by the administrative agency is challenged upon constitutional grounds, completion of the administrative remedy has been held to be a prerequisite to equitable relief [citations]."

■ The Appeals Board is empowered in appeals from decisions of the department to review the questions "whether the department has proceeded without or in excess of its jurisdiction, whether the department has proceeded in the manner required by law, whether the decision is supported by the findings, and whether the findings are supported by substantial evidence in the light of the whole record." (Cal. Const., art. XX, § 22.)

■ The department and the Appeals Board are thus constitutional agencies upon which limited judicial powers have been conferred. (*Koehn* v. *State Board of Equalization* (1958), 50 Cal.2d 432 [326 P.2d 502]; *Covert* v. *State Board of Equalization* (1946), 29 Cal.2d 125 [173 P.2d 545]; *Brice* v. *Department of Alcoholic Beverage Control* (1957), 153 Cal.App.2d 315 [314 P.2d 807].) *County of Alpine* v. *County of Tuolumne* (1958), 49 Cal.2d 787 [322 P.2d 449], referred to extensively by plaintiffs, is not in point. There the county of Alpine brought an action to determine its boundaries with defendant counties. Judgment of dismissal was reversed. Defendants asserted that the county of Alpine had not exhausted an administrative remedy before the State Lands Commission. But the court held that the agency was empowered only to "survey and mark" boundaries. But it was without jurisdiction to make judicial determinations of boundaries and therefore the county of Alpine could properly maintain its action.

Plaintiffs maintain that the department may make final findings of fact and that the Appeals Board is empowered to review certain questions of law, which are only procedural. However, there does not appear to be any basis for so limiting the grant of power to the Appeals Board. The Appeals Board may determine whether the department acted within its jurisdiction. In *United Insurance Co.* v. *Maloney, supra,* 127 Cal. App.2d at page 157, the court stated: "A charge of unconstitutional action goes to the very jurisdiction of the administrative officer or body to entertain the proceeding and hence is a matter which he or it must consider and decide at the outset of the proceeding. (See *Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280, 303 [109 P.2d 942, 132 A.L.R. 715].)" This would also seem applicable to a charge that the statute which the agency is seeking to enforce is unconstitutional.

Plaintiffs lastly contend that section 11440, Government Code, provides for declaratory relief as an alternative or parallel remedy, precluding the application of the exhaustion doctrine. That section provides for an action for declaratory relief in accordance with the provisions of the Code of Civil Procedure to obtain a judicial declaration as to the validity of any regulation. This section is part of the Administrative Procedure Act (Gov. Code, § 11370) and the regulations referred to are those adopted by state agencies in respect to the laws administered or enforced by such agencies or governing their procedure (Gov. Code, § 11371). Thus the section has no general application to declaratory actions in respect to statutes. Moreover, the declaratory action is authorized "in accordance with the provisions of the Code of Civil Procedure . . ." Prior to the adoption of section 11440 in 1947 (Stats. 1947, ch. 1425, p. 2990), the declaratory relief sections had been construed to be subject to the exhaustion doctrine, as previously discussed. (*Imperial Mut. L. Ins. Co.* v. *Caminetti, supra,* 59 Cal.App.2d at p. 505.) Plaintiffs rely on *Chas. L. Harney, Inc.* v. *Contractors' State License Board* (1952), 39 Cal.2d 561 [247 P.2d 913], but that case is not authority for plaintiffs' position here. There Harney brought an action under section 11440 to obtain a declaration of rights and duties under a rule of defendant board. Defendant argued the lack of a controversy, but the court held that in view of section 1060, Code of Civil Procedure (authorizing a declaration of rights and duties before there has been a breach of the obligation in respect to which said declaration is sought), Harney

was not required to violate the rule before bringing his action. The exhaustion doctrine was not involved.

In *Tushner* v. *Griesinger,* 171 Cal.App.2d 599 [341 P.2d 416], the plaintiffs were licensed real estate brokers who were charged before the Real Estate Commissioner with certain violations of the Real Estate Act, and whose licenses were sought to be revoked. While the hearing was pending, the plaintiffs brought an action for declaratory relief contending that the code provisions under which the proceeding was being prosecuted were unconstitutional. One of the defenses to the action was, as here, the claim that the administrative remedies had not been exhausted. The trial court held that it had "'jurisdiction to determine the constitutionality of statutes prior to a final ruling by an agency on that issue, where the agency is conducting an administrative hearing which is in progress when the statutes under which the administrative agency is proceeding are alleged to be unconstitutional; that under such circumstances neither the primary jurisdiction rule nor the doctrine of the exhaustion of administrative remedies are applicable.'" (P. 604.) The reviewing court quoted from *United States* v. *Superior Court, supra,* 19 Cal.2d 189, 194: "'It is now firmly established in this state that a litigant must invoke and exhaust an administrative remedy provided by statute before he may resort to the courts. Jurisdiction to entertain an action for judicial relief is conditioned upon a completion of the administrative procedure.' It was also said therein at page 195: '[I]t lies within the power of the administrative agency to determine in the first instance, and before judicial relief may be obtained, whether a given controversy falls within the statutory grant of jurisdiction [citations]. And even where the statute sought to be applied and enforced by the administrative agency is challenged upon constitutional grounds, completion of the administrative remedy has been held to be a prerequisite to equitable relief [citations].'" The court flatly held: "The trial court should not have proceeded with the trial of the present action. The exhaustion of administrative remedies was a jurisdictional prerequisite to resort to court action." (P. 607.)

The court properly determined the applicability of the doctrine of exhaustion of administrative remedies at least as to defendant enforcement officials, a question of law, and therefore the summary judgment as to those defendants should be affirmed on that basis. (*Doyle* v. *Hibernia Bank* (1957), 156

Cal.App.2d 16, 20 [319 P.2d 412] ; *Enos* v. *Foster* (1957), 155 Cal.App.2d 152, 156-157 [317 P.2d 670].)

3. *Section 1061, Code of Civil Procedure.*

Having determined, contrary to plaintiffs' contention, that the constitutionality issues may be determined, in the first instance, in the pending administrative proceedings, it is clear that the court did not abuse the discretion granted it by section 1061 which provides that in actions for declaratory relief: ''The court may refuse to exercise the power granted by this chapter in any case where its declaration or determination is not necessary or proper under all the circumstances.'' Such refusal is only reviewable upon appeal for an abuse of discretion. A declaratory action is usually unnecessary where an adequate remedy exists under some other form of action. (*Adams* v. *County of San Joaquin* (1958), 162 Cal.App.2d 271, 274 [328 P.2d 250] ; *Schessler* v. *Keck* (1954), 125 Cal.App.2d 827, 837 [271 P.2d 588].)

Since the filing of this appeal, *Allied Properties* v. *Department of Alcoholic Beverage Control,* 53 Cal.2d 141 [346 P.2d 737], has decided that the fair trade provisions of the A.B.C. act are not unconstitutional, and as to that question these proceedings have become moot. However, plaintiffs in this action contend that they have also raised questions of fact, namely, that the condition of free and open competition required by statute (Bus. & Prof. Code, § 24750) does not exist in that the corporate defendants who sell over 95 per cent of all distilled alcoholic beverages in California are exercising a monopoly.

Were there no administrative proceedings pending, there can be no question but that plaintiffs would be entitled to bring a declaratory relief action to test the applicability of the statute and the regulations involved. But there are such proceedings pending and plaintiffs have tied those proceedings into this action for the purpose of short-cutting those proceedings. While section 11440, Government Code, has not heretofore been considered in connection with situations in which proceedings of an administrative body were pending, it was held in *Triangle Ranch, Inc.* v. *Union Oil Co.,* 135 Cal. App.2d 428 [287 P.2d 537], that an action for declaratory relief is not available or appropriate ''to review a *quasijudicial* determination made after a public adjudicatory hearing'' of a regional planning commission, pointing out that the cases of *Chas. L. Harney, Inc.* v. *Contractors' State License Board, supra,* 39 Cal.2d 561 and *Jones* v. *Robertson,* 79 Cal.

App.2d 813 [180 P.2d 929], relied upon by the appellants there, did not deal with quasi-judicial actions of the respective administrative bodies. The proceedings in our case are, of course, of a quasi-judicial nature. Moreover, " '. . . Permission to resort to declaratory relief is a matter of sound discretion of the court. Such an action is usually unnecessary where an adequate remedy exists under some other form of action . . .' " (*Schessler* v. *Keck, supra,* 125 Cal.App.2d 827, 837; *Leach* v. *Leach* (1959), 172 Cal.App.2d 330, 333 [341 P.2d 758].) A rather anomalous situation would result in most cases if a party facing punitive or disciplinary proceedings before an administrative body, could by-pass those proceedings by bringing a declaratory relief action based upon the very questions which the administrative body in its quasi-judicial capacity had before it. At the very least, it cannot be said in such a court action that the court abused its discretion in requiring the matter to be determined first by that body.

The judgments are affirmed.

Tobriner, J., and Duniway, J., concurred.