[Civ. No. 10068.   Third Dist.   May 17, 1961.]

R. N. CLAZIE, Appellant, v. JOHN KINLOCH, as County Treasurer, etc., et al., Respondents.

J. Warren Manuel for Appellant.

James M. Shumway, County Counsel, John G. Soanes, Assistant County Counsel, and John P. Csomay, Deputy County Counsel, for Respondents.

WARNE, J. pro tem.*—This is an appeal from the summary judgment in a taxpayer's suit seeking an injunction to restrain the Treasurer and Board of Supervisors of Solano County from expending county tax funds to construct a bridge across Montezuma Slough within the boundaries of that county.

The complaint alleges that the Board of Supervisors of Solano County adopted a resolution authorizing the construction of a bridge and appropriating 50 per cent of the total cost, providing the Department of Fish and Game of the State of California contributed the other one-half of the cost. It is further alleged that such expenditure by the board of supervisors is illegal and wasteful because there are existing facilities for transportation across Montezuma Slough which are adequate for normal public use and that if a bridge is needed there is an existing railroad bridge which can be converted to highway use at a much lower cost. The complaint further alleges that the proposed bridge is planned by the Department of Fish and Game of the State of California to provide transportation for duck hunters to Grizzly Island Waterfowl Management Area during a limited hunting season; that the construction of a bridge for duck hunters during a limited season is not a proper use for the proceeds of general property taxes collected in said county and subject to appropriation and expenditure by the board of supervisors.

Respondents supported their motion for summary judgment by an affidavit of the Road Commissioner-Engineer of Solano County averring that the only existing facility for transportation across Montezuma Slough was a ferry capable of handling only six ordinary size passenger cars; that large trucks and truck and trailer units were not capable of being safely transported by said ferry without special precaution

---

*Assigned by Chairman of Judicial Council.

being taken; that gas well drilling equipment, cattle trucks and construction equipment, all used in this area, cannot be transported at all in some instances, and in other instances dismantling was required before being transported; that while the ferry might have been adequate some years ago it had become now inadequate, uneconomical and obsolete, thus necessitating the proposed bridge, in that said ferry and the ferry slips were in such a depreciated condition that they would be inoperable in two years; that during duck hunting season (approximately three months every year) persons desiring to use said ferry were forced to wait on many occasions two hours or more in order to reach and make use of the ferry because of its limited capacity; that there was a railroad bridge existing in the vicinity of the proposed bridge at the time the project was originally contemplated, but said railroad bridge was removed and demolished in 1958 and was no longer in existence, thus leaving the above-described ferry as the only then existing facility for crossing the slough in this area; that the proposed bridge might be used by duck hunters during the limited hunting season, but it would also be used by residents of the immediate area, persons engaged in commercial activities in Solano County, residents of the State of California, and the general public not only during any given season but in all seasons; that in no governmental documents, files or other papers was there any provision limiting the use of the proposed bridge only to duck hunters, or to any other class of persons, during a limited season, or during any season, nor would this be done by the county of Solano; that the proposed bridge would result in substantial economy to Solano County; that the annual cost for operation and maintenance of said ferry was in excess of $22,000; that elimination of this annual cost for five years would practically pay for the cost of the proposed bridge which requires only negligible maintenance costs, and which would not substantially deteriorate for approximately 50 years.

Appellant filed a counteraffidavit in opposition to the motion, wherein he states that the then existing ferry provided adequate access to Grizzly Island except during periods when large numbers of duck hunters attempted to cross at the same time; and that this occurred during the first few hours of the first few days of the hunting season. Otherwise, appellant's counteraffidavit fails to controvert the averments of the affidavits filed in support of the motion.

242

[■■] A motion for summary judgment presents a question as to whether any triable issue of fact is raised which might defeat or reduce the demand of the plaintiff. [■■] And for the purpose of such motion the facts alleged in the affidavits of those against whom the motion is made must be accepted as true. (*Slocum* v. *Nelson,* 72 Cal.App.2d 33, 37 [163 P.2d 888]; *Eagle Oil & Ref. Co.* v. *Prentice,* 19 Cal.2d 553, 556 [122 P.2d 264]; *Raden* v. *Laurie,* 120 Cal.App.2d 778 [262 P.2d 61]; *United States Fidelity & Guar. Co.* v. *Sullivan,* 93 Cal.App.2d 559 [200 P.2d 429]; *McComsey* v. *Leaf,* 36 Cal.App.2d 132, 133 [97 P.2d 242].) [■■] "Thus, in passing upon a motion for summary judgment, the primary duty of the trial court is to decide whether there is an issue of fact to be tried. If it finds one, it is then powerless to proceed further, but must allow such issue to be tried, . . . . By an unbroken line of decisions in this state . . ., the principle has become well established that issue finding rather than issue determination is the pivot upon which the summary judgment law turns. . . ." (*Walsh* v. *Walsh,* 18 Cal.2d 439, 441 [116 P.2d 62].)

Having in mind the law applicable to summary judgments as stated above, it seems plain to us that no substantial issue of fact is presented by appellant's counteraffidavit and that the ground upon which this appeal must be decided is an issue of law.

Section 941 of the Streets and Highways Code provides: "Boards of supervisors shall by proper order cause those highways which are necessary to public convenience to be established, recorded, constructed, and maintained in the manner provided in this division."

And section 25 of the same code provides, in part: "County highways. As used in this code, 'county highway' means any highway which is: (a) Laid out or constructed as such by the county."

Section 1396 of the Streets and Highways Code provides: "The boards of supervisors in their respective counties may erect free county bridges on county highways across navigable bodies of water in this State." (Montezuma Slough is a navigable body of water.)

And section 1398 of the Streets and Highways Code provides: "The board of supervisors of any county may declare that it is necessary for the public convenience to construct a bridge across any body of water or swamp-land which lies in or extends into the county, and may prescribe the points

between which such bridge will be built. Thereafter the board may let any contract to build the bridge, and pay for such work out of the county general fund.''

██ It is clear that the Board of Supervisors of Solano County had the power to construct the bridge in question. The fact that the county is accepting a contribution from the State of California, amounting to one-half of the cost of this bridge, under the provisions of section 1350 of the Fish and Game Code does not carry with it the implication that the bridge is part of a state highway rather than a county highway. ██ It was within the discretionary power of the board of supervisors to determine whether the ferry used for transportation across Montezuma Slough was adequate and whether public convenience required that it should be replaced, and, if so, by what means. Such discretion is not subject to judicial review unless fraudulently or corruptly exercised. (*Nickerson* v. *San Bernardino*, 179 Cal. 518 [177 P. 465] ; *Carrier* v. *Robbins*, 112 Cal.App.2d 32 [245 P.2d 676] ; *Lavine* v. *Jessup*, 161 Cal.App.2d 59 [326 P.2d 238] ; 11 Cal.Jur.2d, Judicial Encroachment, sec. 109.) There is no averment in appellant's counteraffidavit to the motion for summary judgment nor in his complaint charging the board of supervisors with fraud or corruption.

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.