Filed 10/11/18; Certified for Publication 10/29/18 (Order attached)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

CONTRACTORS' STATE LICENSE BOARD,

      Petitioner,

v.

THE SUPERIOR COURT OF CONTRA COSTA COUNTY,

      Respondent;

BLACK DIAMOND ELECTRIC, INC.,

      Real Party in Interest.

A154476

(Contra Costa County
Super. Ct. No. MSC17-02451)

THE COURT:[*]

      The Contractors' State License Board (the Board) seeks a writ of mandate to compel respondent superior court to sustain the Board's demurrer to an action brought by real party in interest, Black Diamond Electric, Inc. (BDE) seeking a declaratory judgment.

      The action seeks judicial construction of statutory terms at issue in disciplinary proceedings initiated against BDE by the Board. The Board filed a demurrer, arguing that BDE was required to exhaust its administrative remedies before filing suit. The superior court overruled the demurrer, concluding that BDE was not required to exhaust

---

      [*] Humes, P.J., Dondero, J., and Banke, J.

1

administrative remedies because the action sought a declaration on issues of statutory interpretation.

We hold that the superior court erred in overruling the Board's demurrer. The general rule is that a party must exhaust an available administrative remedy before resorting to the courts. While this rule is subject to exceptions, none applies here. We therefore grant the Board's petition and issue a peremptory writ in the first instance, as we previously informed the parties was possible. (See *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-180 (*Palma*).)

FACTUAL AND PROCEDURAL BACKGROUND

We set forth some of the facts of this case in our opinion resolving an earlier writ of mandate filed by the Board. (See *Contractors' State License Bd. v. Superior Court* (2018) 23 Cal.App.5th 125, 129-130 (*BDE I*).) Below we discuss additional facts pertinent to the current controversy.

*Statutory Background*

BDE is a California corporation licensed as a C-10 electrical contractor by the Board. (Cal. Code Regs., tit. 16, § 832.10.) Labor Code section 108.2, subdivision (a) requires individuals who perform work as electricians to be certified, and it prohibits those lacking certification from performing "electrical work for which certification is required." Uncertified persons seeking the on-the-job experience necessary for certification may perform electrical work subject to certain requirements, including that they "be under the direct supervision of an electrician certified pursuant to Section 108." (Lab. Code, § 108.4, subd. (a)(3).)

The Labor Code prescribes sanctions for employers that fail to comply with these provisions. "An employer who is found by the division to have failed to provide adequate supervision may be barred by the division from employing uncertified individuals pursuant to this section in the future." (Lab. Code, § 108.4, subd. (a)(3).) Willful violations of the statutory certification requirements may result in the suspension or revocation of a C-10 electrical contractor license. (Lab. Code, § 108.2, subd. (h).) Violations include willful employment of "one or more uncertified persons to perform

2

work as electricians in violation of this section," willful "fail[ure] to provide the adequate supervision of uncertified workers," and willful "fail[ure] to provide adequate supervision of apprentices." (Lab. Code, § 108.2, subd. (h)(1)-(3).)

When it has been determined that a violation of these provisions has likely occurred, the Labor Commissioner may refer violations to the Board. (Lab. Code, § 108.2, subd. (i).) Upon receipt of a referral, the Registrar of Contractors, who functions as the executive officer of the Board, must open an investigation. (Lab. Code, § 108.2, subd. (j); see Bus. & Prof. Code, § 7011, subd. (b).) The Registrar "may initiate disciplinary action against any licensee upon his or her own investigation, the filing of any complaint, or any finding that results from a referral from the Labor Commissioner alleging a violation under [Labor Code section 108.2]." (Lab. Code, § 108.2, subd. (j).)

Such disciplinary proceedings are governed by the Administrative Procedure Act, and are generally commenced with the filing of an accusation. (Bus. & Prof. Code, § 7091, subd. (f); see Gov. Code, § 11503, subd. (a).) An adverse decision by the Board is subject to judicial review in an action for administrative mandamus. (Code Civ. Proc., § 1094.5; Gov. Code, § 11523; see *Owen v. Sands* (2009) 176 Cal.App.4th 985, 989; *Sautter v. Contractors' State License Bd.* (1954) 124 Cal.App.2d 149, 154.)

*Proceedings Before the Board*

In March 2017, the Board filed an accusation against BDE, alleging that uncertified BDE employees performed work that required certification. The accusation also alleged that certified BDE trainees performed work without the required supervision of a certified electrician. BDE filed a "Notice of Defense," in which it asserted "that the work its employees were performing required neither certification nor supervision." It argued that the Board's interpretation of Labor Code sections 108, 108.2, and 108.4 was erroneous. In its requests for relief, BDE sought a "permanent injunction barring any disciplinary action for violation of Labor Code sections 108 et seq." (Italics omitted.)

In April 2018, an administrative law judge (ALJ) held a hearing on the accusation. In her proposed decision, the ALJ found that BDE had violated Labor Code sections 108.2, subdivisions (a) and (h)(1)-(3) and 108.4, subdivision (a)(3). The ALJ

3

found unpersuasive BDE's interpretation of Labor Code sections 108, 108.2, and 108.4. She specifically rejected BDE's contention that "certified electricians are required only when a device is attached to the wires at the end of the electrical project." The ALJ found that under the circumstances of the case, "it would be contrary to the public interest to allow [BDE] to retain its license" and therefore recommended revocation.

On April 24, 2018, the Registrar adopted the proposed decision. Before the decision became effective, BDE asked the Board for a stay so that it could file a motion for reconsideration. The Registrar granted the request and stayed the decision's effective date until June 16, 2018.

*BDE's Action for Declaratory Judgment*

Meanwhile, on December 15, 2017, while the administrative proceeding was pending, BDE filed a complaint in Contra Costa County Superior Court. The complaint alleges that the Board "is knowingly enforcing Labor Code § 108, et seq. illegally." (Italics omitted.) It asks for a declaration defining the terms "electrician," "electrical work," and "direct supervision" as they are used in section 108, et seq. In the alternative, BDE asks the court to declare the foregoing terms unconstitutionally vague. Although the complaint alleges a cause of action for declaratory judgment only, BDE's prayer for relief requests a "permanent injunction enjoining and restraining the [Board] from seeking to enforce the 'direct supervision' provision of Labor Code section 108.4(a)(3) until the legislation [*sic*] provides the [Board] with further clarification."

On February 5, 2018, the Board filed a demurrer to the complaint. It argued that respondent court lacked jurisdiction to hear the complaint because BDE has not yet exhausted its administrative remedies in the parallel administrative proceeding. The Board further argued that the complaint failed to allege the existence of a ripe controversy.

BDE opposed the Board's demurrer, arguing that it should not be required to exhaust its administrative remedies because the policies underlying administrative exhaustion would not be served in this case. BDE also contended that an exception to the exhaustion rule applied since the Board was incapable of affording an adequate remedy.

4

On May 15, respondent issued a tentative ruling overruling the demurrer.[1]  The Board requested oral argument, and respondent held a hearing on May 16.  Respondent's June 7, 2018 order overruling the demurrer adopted its tentative ruling.  Respondent disagreed that BDE was required to exhaust its administrative remedies, reasoning that BDE's "declaratory relief action is not limited to the pending administrative proceeding, but is based on the Board's interpretation of [Labor Code] section 108 and how the Board will apply its interpretation to [BDE] going forward."  Respondent found it significant that "the Board has offered no administrative procedure for [BDE] to follow if it wanted to challenge the Board's interpretation of [Labor Code] section 108 and there was no disciplinary proceeding pending."  It faulted the Board because it "ha[d] not shown how [BDE] can obtain the declaratory relief it seeks through the pending administrative proceeding."

On June 7, the Board filed the instant petition.[2]  On June 11, we issued a temporary stay of the action and requested an informal response from BDE.  (Cal. Rules

---

[1] The hearing on the Board's demurrer was initially set for March 14, but on that date respondent continued the hearing because of the Board's then-pending writ petition in *BDE I.*  We issued our opinion in that case on April 26, 2018.  (*BDE I, supra,* 23 Cal.App.5th at p. 125.)

[2] Counsel for the Board informs us that after the filing of the petition, BDE filed a petition for writ of administrative mandate in Contra Costa Superior Court.  " 'It is an elementary rule of appellate procedure that, when reviewing the correctness of a trial court's judgment, an appellate court will consider only matters which were part of the record at the time the judgment was entered.' "  (*Haworth v. Superior Court* (2010) 50 Cal.4th 372, 379, fn. 2.)  We note that neither party suggests that BDE's filing of that petition renders the present writ proceeding moot.

In any event, now that the Board has issued its decision, "respect for the administrative decisionmaking process requires that the prospective plaintiff continue that process to completion, including exhausting any available judicial avenues for reversal of adverse findings."  (*McDonald v. Antelope Valley Community College Dist.* (2008) 45 Cal.4th 88, 113.)  Here, the judicial avenue for reversal of adverse findings is an action for administrative mandate under Code of Civil Procedure section 1094.5.  "Unless the administrative decision is challenged, it binds the parties on the issues litigated and if those issues are fatal to a civil suit, the plaintiff cannot state a viable cause of action."  (*Knickerbocker v. City of Stockton* (1988) 199 Cal.App.3d 235, 243.)

5

of Court, rule 8.385(b)(1).)  In our request, we gave *Palma* notice, informing the parties that we might proceed by issuing a peremptory writ in the first instance.  BDE filed its informal response on July 30, and the Board replied on August 6.

DISCUSSION

The Board argues that respondent erred in overruling its demurrer because BDE failed to exhaust its administrative remedy, and exhaustion of that remedy is a jurisdictional prerequisite to resort to the courts.  BDE first responds by arguing that the policies underlying the exhaustion doctrine would not be served in this case.  It also contends that it should be excused from exhausting its administrative remedy because it would be futile to do so.  We agree with the Board that exhaustion is required in this case.  BDE's claimed exceptions to the exhaustion rule do not apply.

I.     *Exhaustion of Administrative Remedies—General Principles.*

A party generally must exhaust administrative remedies before seeking relief in court.  (*Coachella Valley Mosquito & Vector Control Dist. v. California Public Employment Relations Bd.* (2005) 35 Cal.4th 1072, 1080 (*Coachella*); *Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 292 (*Abelleira*).)  "[T]he rule is that where an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act."  (*Abelleira*, at p. 292.)  The exhaustion rule "is not a matter of judicial discretion, but is a fundamental rule of procedure . . . binding upon all courts."  (*Id.* at p. 293.)  The Supreme Court has characterized the exhaustion rule as " ' "a jurisdictional prerequisite to resort to the courts." ' "  (*Campbell v. Regents of University of California* (2005) 35 Cal.4th 311, 321 (*Campbell*).)  Consequently, "if an administrative remedy is provided by statute, relief must be sought from the administrative body and such remedy exhausted before relief can be had under section 1094.5, subdivision (a), of the Code of Civil Procedure."  (*Ralph's Chrysler-Plymouth v. New Car Dealers Policy & Appeals Bd.* (1973) 8 Cal.3d 792, 794.)

To satisfy the exhaustion requirement, a party must present the entire controversy to the administrative agency.  (*Jonathan Neil Assoc., Inc. v. Jones* (2004) 33 Cal.4th 917,

6

933 ["in the case of exhaustion, the administrative agency must initially decide the 'entire controversy' "]; *Bleeck v. State Board of Optometry* (1971) 18 Cal.App.3d 415, 432 [exhaustion requires "a full presentation to the administrative agency upon all issues of the case and at all prescribed stages of the administrative proceedings"].) Thus, "[t]he exhaustion requirement applies to defenses as well as to claims for affirmative relief." (*Coachella, supra,* 35 Cal.4th at p. 1080.) One reason for requiring presentation of the entire case to the administrative agency is that judicial review under Code of Civil Procedure section 1094.5 is confined to the issues properly raised before the agency. (E.g., *Bohn v. Watson* (1954) 130 Cal.App.2d 24, 37.)

"The rule serves several well-established functions. First, it allows the administrative agency an opportunity to redress the alleged wrong without resorting to costly litigation. [Citation.] Second, even where complete relief is not obtained, it can serve to reduce the scope of the litigation or possibly avoid litigation. [Citations.] Third, an administrative remedy ordinarily provides a more economical and less formal forum to resolve disputes and provides an opportunity to mitigate damages. [Citations.] Finally, the exhaustion requirement promotes the development of a more complete factual record and allows the administrative agency or entity implicated in the claim an opportunity to apply its expertise, both of which assist later judicial review if necessary. [Citations.] Indeed, '[t]he utility of the department's factfinding expertise exists even when the plaintiff's requested relief is unavailable through the administrative process.' " (*Los Globos Corp. v. City of Los Angeles* (2017) 17 Cal.App.5th 627, 632–633.)

II.     *The Administrative Remedy Available to BDE.*

As noted above, the Board's disciplinary proceeding against BDE is governed by the Administrative Adjudication provision of the Administrative Procedure Act. (See Bus. & Prof. Code, §§ 7091, subd. (f), 7099.5; Gov. Code, § 11500 et seq.) The Administrative Procedure Act permits BDE to object to the accusation on the ground that it "does not state acts or omissions upon which the agency may proceed." (Gov. Code, § 11506, subd. (a)(2).) BDE may also "[o]bject to the form of the accusation . . . on the ground that it is so indefinite or uncertain that the respondent cannot identify the

7

transaction or prepare a defense." (Gov. Code, § 11506, subd. (a)(3).) The statute also allows BDE to allege new matter by way of defense. (Gov. Code, §§ 11506(a)(5).)

The Administrative Procedure Act also guarantees BDE the right to discovery of evidence relevant to the request for discipline and to move to compel discovery if necessary. (Gov. Code, §§ 11507.6, 11507.7, 11511.) Respondents such as BDE are entitled to a full, on-the-record hearing at which they may present evidence and subpoena and cross-examine witnesses. (*Id.*, §§ 11506, subd. (c), 11512, subd. (d), 11513.) At the administrative hearing, BDE may appear with counsel and present any evidence or argument that would defeat the charges or the recommended discipline. (*Id.*, §§ 11506, subd. (a), 11509, 11513, subd. (b).) Following the hearing, the ALJ must prepare a proposed decision for submission to the Registrar for review and action. (*Id.*, § 11517, subd. (b); Bus. & Prof. Code, § 7099.5.)

The Board's final decision is subject to judicial review. (Gov. Code, § 11523.) "Judicial review may be had by filing a petition for a writ of mandate in accordance with the provisions of the Code of Civil Procedure." (*Ibid.*)

III.     *BDE May Not Circumvent the Exhaustion Doctrine by Filing an Action for Declaratory or Injunctive Relief.*

Since the relevant statutes provide BDE with an administrative remedy, it must first exhaust that remedy before it may seek redress in court. (*Styne v. Stevens* (2001) 26 Cal.4th 42, 56.) BDE may not evade the exhaustion requirement by filing an action for declaratory or injunctive relief. (*State of California v. Superior Court* (1974) 12 Cal.3d 237, 249 ["It is settled that an action for declaratory relief is not appropriate to review an administrative decision."]; *Board of Police Commissioners v. Superior Court* (1985) 168 Cal.App.3d 420, 432 ["once the administrative agency has initiated adjudicatory proceedings, the exhaustion doctrine cannot be circumvented by bringing an action seeking injunctive relief."]; *Bleeck v. State Bd. of Optometry, supra,* 18 Cal.App.3d at p. 432 ["The doctrine of exhaustion of administrative remedies may not be circumvented by bringing actions other than administrative mandamus such as actions for declaratory relief [citation], or actions seeking injunctive relief."].)

8

Our decision in *Walker v. Munro* (1960) 178 Cal.App.2d 67 is instructive. There, the plaintiffs were retail liquor dealers charged by the Department of Alcoholic Beverage Control with violating provisions of the Alcoholic Beverage Control Act. (*Id.* at pp. 69-70.) While administrative enforcement proceedings were pending against them, the plaintiffs filed an action to have the provisions at issue declared unconstitutional and to enjoin their enforcement against the plaintiffs. (*Id.* at p. 70.) We held that the plaintiffs lacked standing to pursue judicial relief until they exhausted their administrative remedies. (*Id.* at p. 72.) As we explained, "[t]he declaratory relief provisions do not independently empower the courts to stop or interfere with administrative proceedings by declaratory decree." (*Ibid.*) *Walker v. Munro* stands for the proposition that declaratory relief is not appropriate where a party seeks to have a court "issue a ruling to be applied in ongoing administrative proceedings."[3] (*Public Employees' Retirement System v. Santa Clara Valley Transportation Authority* (2018) 23 Cal.App.5th 1040, 1046 (*PERS*).)

The Second District reached a similar conclusion in a case involving the Board. In *Contractors' State License Board v. Superior Court* (1960) 187 Cal.App.2d 557 (*Anthony Pools*), the plaintiff filed a complaint for breach of contract against Anthony Pools, a contractor plaintiff had engaged to construct a swimming pool. (*Id.* at p. 559.) The plaintiff then filed a complaint with the Board, which began a disciplinary proceeding against Anthony Pools. (*Ibid.*) By cross-complaint, the latter asked the trial court to enjoin the disciplinary proceeding. (*Ibid.*) The Board filed a demurrer to the cross-complaint, but the court overruled it and stayed the Board's disciplinary proceeding. (*Id.* at p. 560.)

---

[3] BDE argues that the administrative proceedings and its declaratory judgment action are separate and distinct, and the latter action is not intended to interfere with the former. BDE does not deny, however, that the administrative proceedings and the declaratory action both involve the definition of the same statutory terms. As we observed in *Walker v. Munro,* "[a] rather anomalous situation would result in most cases if a party facing punitive or disciplinary proceedings before an administrative body, could bypass those proceedings by bringing a declaratory relief action based upon the very questions which the administrative body in its quasi-judicial capacity had before it." (*Walker v. Munro*, *supra*, 178 Cal.App.2d at p. 77.)

9

The Court of Appeal granted the Board's request for a peremptory writ of mandate. (*Anthony Pools, supra,* 187 Cal.App.2d at p. 562.) It explained: "The provisions of Government Code, section 11523, and Code of Civil Procedure, section 1094.5, are part of the administrative law of this state and the respondent court here had no power to circumvent the procedure there provided through, by its injunctive order, in effect imposing and sustaining a plea in abatement in the administrative proceedings. It was incumbent upon Anthony to exhaust his remedy before the board." (*Anthony Pools*, at p. 562.)

These cases demonstrate that BDE cannot seek declaratory or injunctive relief without first exhausting its administrative remedy before the Board.[4] This is true even though BDE's action seeks an interpretation of specific statutory terms and alternatively alleges that those terms are unconstitutionally vague. (See *PERS, supra,* 23 Cal.App.5th at pp. 1045-1048 [declaratory relief unavailable regarding proper interpretation of statute; exhaustion of administrative remedy required]; *Subriar v. City of Bakersfield* (1976) 59 Cal.App.3d 175, 194 ["[W]here, as here, a plaintiff has submitted himself to the jurisdiction of the administrative agency by applying for a license or permit under the act, the validity of which he does not attack in its entirety, his proper method of attacking the constitutionality of a specific subdivision of the act he claims to be invalid is by judicial review under the provisions of Code of Civil Procedure section 1094.5, rather than by declaratory relief."].)

---

[4] A different result might obtain if there were no disciplinary proceedings pending. "Were there no administrative proceedings pending, there can be no question but that plaintiffs would be entitled to bring a declaratory relief action to test the applicability of the statute and the regulations involved. *But there are such proceedings pending* and plaintiffs have tied those proceedings into this action for the purpose of short-cutting those proceedings." (*Walker v. Munro, supra,* 178 Cal.App.2d at p. 76, italics added.) We express no view on whether, in the absence of disciplinary proceedings, such a declaratory judgment action would be justiciable. (Cf. *Zetterberg v. State Dept. of Public Health* (1974) 43 Cal.App.3d 657, 663-664 ["A difference of opinion as to the interpretation of a statute as between a citizen and a governmental agency does not give rise to a justiciable controversy [citations] and provides no compelling reason for a court to attempt to direct the manner by which the agency shall administer the law."].)

10

IV. *No Exception to the Exhaustion Requirement Applies.*

BDE contends that it should not be required to exhaust its administrative remedy because the purposes of the exhaustion doctrine would not be served in this case. It argues that the facts are undisputed and interpretation of the provisions of the Labor Code is ultimately a judicial function. In BDE's view, a judicial declaration will therefore promote judicial economy. We cannot agree.

It is difficult to see how allowing a parallel declaratory judgment action will promote judicial economy.[5] While it is true that statutory interpretation is *ultimately* a judicial function, BDE can seek a judicial interpretation of the Labor Code terms at issue in an action under Code of Civil Procedure section 1094.5, assuming it has properly preserved its arguments. (See, e.g., *McAllister v. California Coastal Com.* (2008) 169 Cal.App.4th 912, 928-930 [interpreting language of governing statute on appeal of judgment in action under Code Civ. Proc., § 1094.5].) As we have mentioned, BDE has apparently filed such an action. (See *ante*, fn 2.)

BDE also fails to demonstrate either that exhaustion of its administrative remedy would be futile or that the Board cannot provide an adequate remedy. It claims that the Board has already announced it will enforce an interpretation of the certification law with which BDE disagrees. Even if we assume that the Board has already declared its position on this particular legal issue, this does not mean the futility exception would apply. (See

---

[5] The cases on which BDE relies to support this argument are distinguishable. In *Department of Personnel Administration v. Superior Court* (1992) 5 Cal.App.4th 155, the court found the policies underlying the exhaustion doctrine would not be served where the agency "took the somewhat unusual step of filing a statement disavowing jurisdiction over the dispute" and "invited judicial intervention." (*Id.* at p. 168.) That has not occurred here. Moreover, the court excused the failure to exhaust because it found the petitioners would suffer irreparable harm (which BDE has not claimed) and because exhaustion would be futile since the agency had declined to exercise jurisdiction. (*Id.* at pp. 170-172.) *Acme Fill Corp. v. San Francisco Bay Conservation etc. Com.* (1986) 187 Cal.App.3d 1056 is also inapposite. In that case the court held exhaustion of a federal administrative remedy *was* required, but it proceeded to resolve the state-law issues raised since they would not be decided in the federal administrative proceeding. (*Id.* at p. 1065.)

*Coachella, supra,* 35 Cal.4th at p. 1081 [fact that agency "had declared what its ruling would be on the . . . issue" was insufficient to make out futility exception].) "For the futility exception to apply, it is not sufficient that a party can show what the agency's ruling would be on a particular *issue or defense*. Rather, the party must show what the agency's ruling would be ' "on a particular case." ' " (*Ibid.*)

BDE likewise fails to show that the administrative proceedings cannot provide an adequate remedy. The only case it cites for this argument is *Sabatasso v. Superior Court* (2008) 167 Cal.App.4th 791. But in that case, there was no possibility that the agency would change its decision during the administrative appeals process because its action was based on a regulation the agency had promulgated and changing its decision would have required the agency to violate its own rule. (*Id.* at p. 795.) That is not the case here. "[A]n administrative remedy is not inadequate simply because it is not the result desired."[6] (*AIDS Healthcare Foundation v. State Dept. of Health Care Services* (2015) 241 Cal.App.4th 1327, 1351.)

---

[6] BDE suggests that it could amend its complaint to allege "new evidence" to support its claim that its administrative remedy is inadequate and that exhaustion would be futile. We note that BDE's opposition to the demurrer did not request leave to amend, and BDE's counsel does not claim to have requested leave at the hearing on the demurrer. In any event, all of this "new evidence" appears to date from 2013 and 2014, so it is difficult to understand why BDE failed to present it in its complaint or opposition to the demurrer.

Perhaps more important, the materials are offered chiefly to show that the Board has already arrived at a definitive interpretation of the statutory terms at issue and thus was bound to decide the matter adversely to BDE in the disciplinary proceedings. As explained above, even assuming that the Board has already taken a firm position on the issues of statutory interpretation BDE raises, that is insufficient to show that exhaustion of BDE's administrative remedy would be futile. (*Coachella, supra,* 35 Cal.4th at p. 1081; see *Abelleira, supra,* 17 Cal.2d at pp. 300-302 [mere fact that agency has decided prior, similar cases against petitioner's position does not make exhaustion futile]; *United Insurance Co. v. Maloney* (1954) 127 Cal.App.2d 155, 157, 164 [exhaustion of administrative remedy required in disciplinary proceeding despite claim that agency "knowingly and intentionally was discriminating against respondents"].)

## V. *A Peremptory Writ in the First Instance Is Appropriate.*

"Generally, [the accelerated *Palma*] procedure should be adopted only when petitioner's entitlement to relief is so obvious that no purpose could reasonably be served by plenary consideration of the issue—for example, . . . when there has been clear error under well-settled principles of law and undisputed facts." (*Ng v. Superior Court* (1992) 4 Cal.4th 29, 35.) Here, the relevant facts are undisputed, and under well-settled principles of California law, BDE was required to exhaust its administrative remedy before seeking relief in court. BDE has not exhausted that remedy, is not excused from doing so, and cannot amend its complaint to cure this defect. (See *Campbell, supra,* 35 Cal.4th at p. 333.) Thus, on the record before us, respondent abused its discretion in overruling the Board's demurrer.

We informed the parties that we might proceed by issuing a peremptory writ in the first instance, and we solicited and received preliminary opposition from BDE. " 'Having complied with the procedural prerequisites, we are authorized to issue a peremptory writ in the first instance.' " (*Johnny W. v. Superior Court* (2017) 9 Cal.App.5th 559, 568.)

### DISPOSITION

Let a peremptory writ of mandate issue directing respondent superior court in *Black Diamond Electric, Inc. v. Contractors State License Board* (Super. Ct. Contra Costa County, No. C1702451), to vacate its order of June 7, 2018, overruling petitioner's demurrer, and to enter a new and different order sustaining that demurrer. This decision shall be final as to this court 10 court days after its filing. (Cal. Rules of Court, rule 8.490(b)(2)(A).) The previously issued stay shall dissolve upon finality of this opinion.

Filed 10/29/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| CONTRACTORS STATE LICENSE BOARD,<br><br>    Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF CONTRA COSTA COUNTY,<br><br>    Respondent;<br><br>BLACK DIAMOND ELECTRIC, INC.,<br><br>    Real Party in Interest. | A154476<br><br>(Contra Costa County<br>Super. Ct. No. MSC17-02451)<br><br>ORDER CERTIFYING OPINION FOR PUBLICATION AND DENYING REHEARING |

BY THE COURT:

The order in the above-entitled matter filed on October 11, 2018, was not certified for publication in the Official Reports. After the court's review of a request under California Rules of Court, rule 8.1120, and good cause established under rule 8.1105, it is hereby ordered that the opinion should be published in the Official Reports.

Black Diamond Electric, Inc.'s petition for rehearing is denied.

Dated: 10/29/2018

_____
Humes, P.J.

1

Trial Court:

Contra Costa Superior Court


Trial Judge:

Hon. Judith S. Craddick


Counsel for Petitioner:

Xavier Becerra, Attorney General

Thomas S. Patterson, Senior Assistant Attorney General

Benjamin M. Glickman, Supervising Deputy Attorney General

Sharon L. O'Grady, Deputy Attorney General

John W. Kelleen, Deputy Attorney General


Counsel for Real Party in Interest

David M. Birka-White, Birka-White Law Offices

Steven T. Knuppel, Law Offices of Steven T. Knuppel


Contractors State License Board v. Superior Court  A154476

2