[Civ. No. 18367. Second Dist., Div. Two. July 25, 1951.]

EMIL WIEBER, Appellant, v. W. A. WORTON et al.,
Respondents.

John J. McMahon for Appellant.

Harold W. Kennedy, County Counsel, William E. Lamoreaux, Deputy County Counsel, Ray L. Chesebro, City Attorney, Bourke Jones, Assistant City Attorney, Roland Wilson and Dickinson Thatcher, Deputy City Attorneys, for Respondents.

McCOMB, J.—From a judgment in favor of defendants predicated upon the sustaining of their demurrers without leave to amend in an action for declaratory relief, plaintiff appeals.

*Facts:* In the complaint it was alleged that plaintiff

brought two prior actions against defendants wherein he caused the depositions of three of them to be taken; on advice of counsel they refused to answer certain questions and to produce a document which they had been directed by subpoena duces tecum to produce; an actual controversy exists between the parties as to their respective legal rights, plaintiff asserting that he has a right to have the questions answered and the document produced and defendants taking the position that they are not required to answer the questions or to produce the document; plaintiff has no speedy or adequate remedy at law.

Each defendant filed a general demurrer which was sustained without leave to amend.

Question: *Did the trial court commit prejudicial error in sustaining the demurrers without leave to amend?*

*No.* The trial court may refuse to exercise the power granted by the declaratory relief law (Code Civ. Proc., § 1060) in any case where its declaration or determination is not necessary or proper at the time under all the circumstances. (Code Civ. Proc., § 1061.)

 Mr. Justice Wilson, speaking for this court in *Pacific Electric Ry. Co.* v. *Dewey*, 95 Cal.App.2d 69, 71 [212 P.2d 255], thus accurately declares the rules:

"The entertainment of an action for declaratory relief is within the discretionary power of the court (Code Civ. Proc., § 1061) and is not reviewable upon appeal except for an abuse of discretion. (Citing cases.) Permission to resort to declaratory relief is a matter of sound discretion of the court. Such an action is usually unnecessary where an adequate remedy exists under some other form of action (citing cases) . . ." (See, also, *Cutting* v. *Bryan*, 206 Cal. 254, 257 [274 P. 326].)

 The foregoing rules are applicable to the facts of the present case. Plaintiff had an entirely adequate remedy in the actions in which he was endeavoring to take the depositions by applying to the trial court, pursuant to the provisions of section 1991, Code of Civil Procedure, for an order requiring the witnesses to answer the questions, and if upon the trial court's determination that such questions should be answered, they refused to do so, the trial judge could have punished them for contempt of court.

Such procedure afforded plaintiff a speedy and adequate

remedy. Therefore the trial court properly sustained the demurrer in the present case.

Affirmed.

Moore, P. J., and Wilson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 20, 1951.