[Civ. Nos. 18447, 18574. First Dist., Div. Two. July 27, 1959.]

EUGENE ROY LEACH, Respondent, v. JEANNE THERESA LEACH, Appellant.

[Two Cases.]

Brown, Smith & Taber for Appellant.

John Paul Jones for Respondent.

DOOLING, J.—Jeanne Theresa Leach, defendant and cross-complainant in an action for declaratory relief brought by her former husband, has taken two appeals in said action. Since the two appeals present entirely different questions we will treat them separately.

### Appeal No. 18574

The parties entered into a property settlement agreement in August 1956 which was incorporated into the final decree of divorce entered October 11, 1957, in the following language:

"It Is Further Ordered, Adjudged and Decreed that the Property Settlement Agreement entered into by the parties

hereto, dated August 22, 1956, be, and hereby is, made a part of this decree as though it were fully set forth herein, and the parties are hereby ordered to comply with the terms thereof.''

As a part of the property settlement agreement it was agreed that the family home ''shall remain in joint tenancy, and the joint tenancy title to said property is hereby confirmed to the parties hereto.''

Appellant wife was given the exclusive right of occupancy as a residence for herself and children and respondent husband agreed to pay certain expenses in connection therewith. The agreement further provided:

''Neither of the parties hereto shall transfer or dispose of said real property without the consent of the other first had and obtained . . .''

By paragraph 2 of its judgment in declaratory relief the court decreed that the last quoted limitation ''is void as an unlawful condition in violation of Civil Code, Section 711 . . .'' The wife appeals and attacks only this portion of the judgment.

■ We need not determine whether this provision of the property settlement agreement contravened Civil Code, section 711, since it is too late now for respondent to attack its validity. The final decree of divorce incorporating the agreement as a part thereof and ordering the parties to comply with its terms has been allowed to become a final judgment and it is not subject to collateral attack.

The divorce court had jurisdiction over the parties and subject matter and even if its decree in this respect is erroneous on its face it cannot be collaterally impeached on that ground. (29 Cal.Jur.2d, Judgments, § 207, p. 160.) Nor does the fact that the decree may contravene a statute render it subject to collateral attack. The courts have repeatedly held in the case of decrees of distribution that provisions in such decrees contravening statutory restraints on alienation or other statutory provisions are immune to collateral attack. (*Estate of Loring*, 29 Cal.2d 423, 432 [175 P.2d 524]; *Manning* v. *Bank of California*, 216 Cal. 629, 634-635 [15 P.2d 746]; *Luscomb* v. *Fintzelberg*, 162 Cal. 433, 438-439 [123 P. 247]; *Keating* v. *Smith*, 154 Cal. 186, 191 [97 P. 300]; *Crew* v. *Pratt*, 119 Cal. 139, 151-152 [51 P. 38]; *Estate of Buckhantz*, 159 Cal.App.2d 635, 644 [324 P.2d 317].)

■ In *Pacific Mut. Life Ins. Co.* v. *McConnell*, 44 Cal.2d 715, the court assembled a host of authorities on pages 726-727 in support of the statement on page 725 [285 P.2d 636]:

"It is the general rule that a final judgment or order is res judicata even though contrary to statute where the court has jurisdiction in the fundamental sense, i.e., of the subject matter and the parties."

### Appeal No. 18447

By cross-complaint appellant sought a determination in the declaratory relief action to determine her rights under another provision of the property settlement agreement requiring the husband to make certain monthly payments for her support, in view of her subsequent remarriage. The court sustained a demurrer to this cross-complaint without leave to amend and from the judgment following this order cross-complainant appeals.

The trial court's order was based on the conclusion of the trial judge "that the divorce court is the proper court" to determine this question.

Section 1061 Code of Civil Procedure provides with regard to actions for declaratory relief: "The court may refuse to exercise the power granted by this chapter in any case where its declaration or determination is not necessary or proper at the time under all the circumstances."

Where another action is pending in which a party may secure all the relief sought in a declaratory relief action the court may properly refuse to entertain the action for declaratory relief. (*Schessler* v. *Keck*, 125 Cal.App.2d 827, 837 [271 P.2d 588]; *Marden* v. *Bailard*, 124 Cal.App.2d 458, 466 [268 P.2d 809]; *Wieber* v. *Worton*, 105 Cal.App.2d 626 [234 P.2d 114]; *Pacific Electric Ry. Co.* v. *Dewey*, 95 Cal.App.2d 69, 71-72 [212 P.2d 255]; *Sunset Scavenger Corp.* v. *Oddou*, 11 Cal.App.2d 92, 95-96 [53 P.2d 188]; *Stenzel* v. *Kronick*, 102 Cal.App. 507, 510 [283 P. 93].)

Here the appellant can seek execution in the divorce action and her rights can be fully determined therein. We cannot find any abuse of discretion in the order sustaining demurrer to the cross-complaint.

Paragraph 2 of the judgment entered herein on September 19, 1958 is reversed with directions to the court to amend said judgment to decree that the provision of the property settlement agreement, which it held void, is binding upon the parties; and the judgment against cross-complainant on the cross-complaint is affirmed.

Kaufman, P. J., and Draper, J., concurred.