[Civ. No. 23174.   First Dist., Div. Two.   July 31, 1967.]

PRECISION AUTOMOTIVE, Plaintiff and Appellant, v. NORTHERN INSURANCE COMPANY OF NEW YORK, Defendant and Appellant.

[Civ. No. 23195.   First Dist., Div. Two.   July 31, 1967.]

NORTHERN INSURANCE COMPANY OF NEW YORK, Plaintiff and Appellant, v. PRECISION AUTOMO-TIVE, Defendant and Respondent.

(Consolidated Cases.)

Joseph L. Bortin for Plaintiff and Appellant in Civ. No. 23174 and Defendant and Respondent in Civ. No. 23195.

Bishop, Murray & Barry and Cyril Viadro for Defendant and Appellant in Civ. No. 23174 and Plaintiff and Appellant in Civ. No. 23195.

AGEE, J.—Precision Automotive, a corporation, hereafter "insured," sustained a fire loss on March 24, 1963, which was admittedly covered by a fire insurance policy issued to it by Northern Insurance Company of New York, a corporation, hereafter "insurer."

On March 23, 1964 the insured filed action 541623 in the San Francisco Superior Court against the insurer to recover the amount of its claimed loss.

The policy contained arbitration provisions. Section 1292.4 of the Code of Civil Procedure provides:[1] "If a controversy referable to arbitration under an alleged agreement is involved in an action or proceeding pending in a superior court, a petition for an order to arbitrate shall be filed in such action or proceeding."

On April 21, 1964, the insurer filed a written motion for an order requiring arbitration of the controversy. Such a motion constitutes a "petition" under section 1292.4 for an order requiring arbitration.

On May 28, 1964, pursuant to such petition, the court made its order directing the parties to arbitrate their controversy. The action was thus transformed to a proceeding in arbitration under title 9, "Arbitration," sections 1280-1294.2. The validity of the order is not in dispute.

On November 23, 1964 an arbitration award was made in favor of the insured for $35,000. A signed copy of the award was served on the insurer and the insured on the same date.

Section 1292.6 provides: "*After* a petition has been filed under this title [§§ 1280-1294.2], the court in which such petition was filed retains jurisdiction to determine any subsequent petition involving the same agreement to arbitrate and the same controversy, and any such subsequent petition shall be *filed* in the *same proceeding.*" (Italics added.)

Contrary to the provisions of this section, the insurer filed a

[1]All section references are to the Code of Civil Procedure unless otherwise indicated and all "declarations" referred to herein are made under penalty of perjury. (§ 2015.5.)

"Petition To Vacate Arbitration Award" on March 2, 1965, in a separate action in the same superior court, numbered 552605. (Hereafter referred to as "second action" to distinguish it from the "first action," numbered 541623.)

On March 10, 1965, in the first action, the insured filed its verified "Petition For Confirmation Of Arbitration Award," as provided for by section 1285 and within the period allowed by section 1288.

On March 17, 1965 the insurer filed, in said first action, its "Response To Petition To Confirm Award," requesting therein that the award be vacated. Such relief is expressly authorized by section 1285.2. Section 1290 provides that "The allegations of a response are deemed controverted or avoided." The issues in the first action were thus joined on March 17, 1965.

On March 26, 1965 the insured filed written notice that on April 5, 1965 it would appear before the law and motion department of said superior court and move for an order confirming the arbitration award; the notice stated that the motion would be based upon all of the records in the action, including the verified petition for confirmation, the declaration of its president in support of the motion, the points and authorities filed in support of the motion, and such evidence as might be produced at the hearing. All of these papers were properly served upon the attorneys for the insurer. (See § 1290.2.)

The declaration of the insured's president is quite comprehensive and not only supports the validity of the award but negates the charging allegations of the insurer's "Response." While we do not approve of the practice, no objection or motion to strike was made to the inclusion therein of the following "catch-all" declaration: "The facts stated in the POINTS AND AUTHORITIES in support of plaintiff's motion for confirmation of award herein are true and correct, and the quotations from the correspondence therein contained are accurate."

The evidence before the trial court at the hearing consisted of the verified petition of the insured to confirm the award, the declaration of its president in support thereof, and the verified response of the insurer. No additional evidence was offered by either party.

The issues were heard as prescribed by section 1290.2, i.e., "in a summary way in the manner and upon the notice pro-

vided by law for the making and hearing of motions. . . ." (See *Beckett* v. *Kaynar Mfg. Co., Inc.*, 49 Cal.2d 695, 699 [321 P.2d 749]; *Loscalzo* v. *Federal Mut. Ins. Co.*, 228 Cal.App.2d 391, 397 [39 Cal.Rptr. 437].)

At the conclusion of the hearing on April 5, 1965 the court ordered that the award be confirmed. On May 18, 1965 the insurer's motion to vacate this order was denied and the findings and conclusions and the judgment were signed and filed. On June 2, 1965 the insurer filed notice of appeal from this judgment.

Prior to the above hearing, and on March 15, 1965, the insurer filed written notices that it would move the law and motion department for an order consolidating the two actions and for an order allowing inspection of certain business records. The motions were never calendared or heard until *after* the hearing of April 5, 1965. The insurer offers no explanation for this and the record is likewise silent.

On April 19, 1965 the insurer's counsel filed a declaration in which he states that the court had "failed to consider" these motions and "respectfully requested that counsel be heard thereon, and that the court make its order granting said motion to consolidate and said motion for inspection of records." The respective motions were thereafter heard and denied on May 18, 1965.

The insurer appeared at the hearing on April 5, 1965 and *participated* therein *without objection* of any kind. The matter was submitted for decision on the record *then before the court*.

The insurer offered no evidence at the hearing. Apparently it was willing to forego whatever evidence may have been developed by its motion to inspect.

The motion to consolidate will be further discussed in considering the appeal from the judgment in the second action.

In any event we find that the court did not err in proceeding with the hearing on April 5, 1965 and that the award was properly confirmed on that date.

### Appeal in Second Action

On April 5, 1965 the court ordered that the demurrer of the insured to the insurer's "First Amended Petition To Vacate Arbitration Award" be sustained without leave to amend.

On May 18, 1965, this order was set aside and reconsidered. The demurrer was again sustained without leave to amend. In

an order signed by the court on May 21, 1965, the grounds of the ruling were stated as follows: "1. The petition does not state facts sufficient to constitute a cause of action, or grounds for relief, and such cannot be therein stated; 2. There is another action pending between the same parties for the same cause." (§ 430, subds. 6 and 3, respectively.)

Judgment was entered on June 10, 1965 and the insurer filed a notice of appeal therefrom on June 23, 1965.[2]

Section 1285.8 requires that a petition to vacate an award (second action) *or* a response requesting such relief (first action) "shall set forth the grounds on which the request for such relief is based."

The "grounds" set forth by the insurer herein, both in its "Response To Petition To Confirm Award" in the *first action* and its "First Amended Petition To Vacate Arbitration Award" in the *second action,* are *identical.* These pleadings were filed on the same day, March 17, 1965.

The only ground urged by the insurer in support of the motion to consolidate is set forth in the declaration of its attorney, as follows: "In the interests of justice and to facilitate the hearing of both petitions, declarant requests that the Court issue its order consolidating said actions for the purpose of hearing the petitions."

Inasmuch as the grounds affirmatively alleged in the insurer's response in the first action were before the court to be heard on April 5, 1965, we cannot see how it would facilitate such hearing or promote the interests of justice to add a *duplicate* set of charges made in another action.

The insurer has failed to show that it was prejudiced by the denial of its motion to consolidate. The fact that the insurer filed its response in the first action "later than 100 days after the date of service of a signed copy of the award" (§ 1288.2) had no bearing upon the decision of the court. The insurer did not need to utilize the second action, filed improperly in a separate action one day short of the 100-day period (§ 1288), to overcome this difficulty.

This appears from the findings of the trial court, as follows: "The court finds the alleged Further and Separate Defense of the response to petition herein not true and not proved. Said alleged 'Further and Separate Defense,' whether it states legal ground for opposition to the arbitra-

---

[2]The appeals herein are separate but the briefs are joint.

tion award, and *whether it was timely filed, or not,* is made only upon information and belief and is supported by no affidavit or sworn declaration whatever, either in support of said allegations, or in opposition to the sworn declaration of WILLIAM E. CRICHTON, Jr., in support of the Motion for Confirmation of Arbitration Award, and said defense is found to be not true and not proved." (Italics added.)

The provision for the consolidation of civil actions is provided for in section 1048, as follows: "An action may be severed and actions *may* be consolidated, *in the discretion of the court,* whenever it can be done without prejudice to a substantial right." (Italics added.)

We cannot say as a matter of law that the trial court in the instant situation abused its discretion in denying the motion to consolidate.

■ The insurer contends that the crux of the appeal is as follows: "As we see it, the main issue on these appeals is whether the trial judge abused his discretion [in the second action] in sustaining Precision's demurrer *without leave to amend.*" (Italics added.)

Section 1286.2 sets forth the grounds for the vacation of an arbitration award, among which are "fraud or other undue means" (subd. (a)) and "misconduct of a neutral arbitrator" (subd. (c)).

While not a model of pleading and subject to many of the defects pointed out in the special demurrer, the allegations of the insurer's amended petition are sufficient against a general demurrer and, if this were the sole ground of the court's ruling, it would be error not to allow the insurer an opportunity to amend.

The second ground of the court's ruling is based upon section 430, subdivision 3, which states as a ground of demurrer the following: "That there is another action pending between the same parties for the same cause."

There can be no question that this provision is applicable herein. We have two actions pending between the same parties in the same jurisdiction and involving the same cause of action.

However, this second action should not be terminated under section 430, subdivision 3, at the present time but should only be abated until the issues in the first action have been finally determined. (*Lord* v. *Garland,* 27 Cal.2d 840, 851 [168 P.2d 5] ; *Karp* v. *Dunn,* 229 Cal.App.2d 192, 195 [40 Cal.Rptr. 96] ;

*Hagan* v. *Fairfield,* 194 Cal.App.2d 240, 247 [16 Cal.Rptr. 14].)

The insured has appealed from the portion of the judgment in the first action which fails to allow interest on the amount of the award prior to the entry thereof.

The policy provides that "the amount of loss . . . shall be payable 60 days after . . . the filing with this company of an award as herein provided."

The award was so filed on November 23, 1964 and became payable on January 22, 1965. Civil Code section 3287 provides in pertinent part: "Every person who is entitled to recover damages certain, . . . upon a particular day, is entitled also to recover interest thereon from that day. . . ."

The two requirements are met here. The *amount* of damages was made certain by the arbitration award and the "particular day" is fixed by the policy provisions. Neither item needed to be determined by a court.

We see no reason to depart from the general rule that "interest is recoverable on the amount of a claim or loss from the time such claim or loss is payable." (28 Cal.Jur.2d, Insurance, § 566, "Interest," p. 324.)

*Gerard* v. *Salter,* 146 Cal.App.2d 840 [304 P.2d 237], cited by the insurer, is clearly distinguishable. There the parties agreed that the arbitrators were to make findings and then "report back to the court on the entire matter." (P. 842.)

The court recognized "the general rule that the merits of a controversy [arbitrated] between the parties are not subject to a judicial review" but that, "*by the action of the parties,* [the award] remained subject to the approval of the court." (Italics added.)

In other words, the parties agreed that their respective claims for damages were to be made certain by the court and not by the arbitrators. It was the rendition of judgment by the court which the parties agreed would fix the amount of the award and thus interest did not begin to run upon the amount thereof until such rendition.

The judgment in action No. 541623 (1 Civ. 23174) is ordered modified by adding the amount of interest at the legal rate which would accrue on $35,000, from January 22, 1965 to the date of the judgment, May 18, 1965; as so modified the judgment is affirmed.

The judgment in action No. 552605 (1 Civ. 23195) is reversed with directions to the lower court to order that all

proceedings therein be stayed until the final determination of the first action or until the further order of court.

Costs on appeal are awarded to Precision Automotive in both actions.

Shoemaker, P. J., and Taylor, J., concurred.

A petition for a rehearing was deemed denied August 31, 1967, pursuant to rule 27(e), California Rules of Court. The petition of appellant insurer for a hearing by the Supreme Court was denied September 27, 1967.