[Civ. No. 9512. Fourth Dist., Div. One. Feb. 9, 1970.]

FRANK E. FERREIRA, Plaintiff and Appellant, v.
JAMES DON KELLER, as District Attorney, etc., et al.,
Defendants and Respondents.

## COUNSEL

James S. Duberg, Shenas & Berton and Peter Shenas for Plaintiff and Appellant.

Bertram McLees, Jr., County Counsel, and Donald L. Clark, Deputy County Counsel, for Defendants and Respondents.

## OPINION

**WHELAN, J.**—Frank E. Ferreira (Ferreira) appeals from a judgment of dismissal and from an order sustaining a demurrer to complaint without leave to amend on the grounds that (1) the complaint did not state facts sufficient to constitute a cause of action, and (2) there was another action pending between the same parties for the same cause entitled Keller v. Ferreira No. 305926. The appeal from the order sustaining demurrer was dismissed at the time of oral argument.

### STATEMENT OF FACTS

On April 8, 1968, Ferreira filed this action for declaratory relief against the district attorney, the registrar of voters, the County of San Diego (defendants), and the City of Chula Vista, in the Superior Court of San Diego County, seeking a declaration of his qualifications to vote as an elector in the City of Chula Vista. The District Attorney of San Diego County had previously commenced action #305926 against Ferreira for cancellation of his voter's registration under Elections Code, section 391. A demurrer to the complaint in the present action was filed by defendants on April 19, 1968, and was sustained without leave to amend on the two grounds stated above. Judgment of dismissal was entered on June 6, 1968.

The complaint in action #305926 was filed on April 4, 1968. An amended complaint was filed the next day. Summons on the amended complaint was issued on April 16 and served on April 22. A copy of the amended complaint appears to have been delivered to Ferreira on April 5, 1968.

Defendants state in their brief that action #305926 was tried on April 6, 1968 [*sic*] and that "the Court held in favor of the District Attorney."

### DISCUSSION

█ It is recognized by defendants that a plea in abatement is a special defense that is to be tried separately and if found good an interlocutory judgment is to be entered, which is appealable, staying the second action until the first action shall have been tried. (Code Civ. Proc., § 597.)

It is always possible that a first action might be dismissed without prejudice before trial which would give ground for revival of the second action.

The procedure to be followed is the same when the defense is raised by a demurrer. (*Lord* v. *Garland*, 27 Cal.2d 840, 850 [168 P.2d 5].)

In *Lord* v. *Garland, supra*, the court said: "The appellant relies upon a number of decisions which turned upon the defense of another action pending, but in none of them was a judgment of dismissal, which followed an order sustaining a demurrer without leave to amend, affirmed upon appeal. The only relief to which a litigant is entitled upon the plea, by either demurrer or answer, that a prior action between the same parties is pending and undetermined is the judgment specified by section 597, Code of Civil Procedure, that the second action abate. The order, if based upon that plea, was therefore erroneous and if none of the other grounds of demurrer justifies the ruling, it was an abuse of discretion to withhold leave to amend." (P. 851.)

▆ Defendants' argue that the dismissal was proper, nevertheless; they reason that declaratory relief may be denied if an adequate remedy exists under some other form of action; that an adequate remedy did exist in the proceeding under section 391, Elections Code; ergo, in the present action it was proper to sustain the demurrer without leave to amend since there was another action pending in which the relief might be obtained.

Section 391, Elections Code, provides a method of obtaining a cancellation of a registration.

Section 350, Elections Code, provides a legal remedy for a qualified elector to test his right to be registered as such when the county clerk refuses to register him.

Section 381, Elections Code, provides the procedure to be followed when a voter transfers his registration from one precinct to another or reregisters in another precinct in the same county or removes from the county of registration to another.

Section 383, Elections Code, declares grounds for cancellation of a registration that would result in inability to vote at all, except in the case of a cancellation for failure to vote at a general election. One case in which such cancellation is proper is "[u]pon the production of a certified copy of a judgment directing the cancellation to be made."

Another such case is "upon the production of a certified copy of a subsisting judgment of the conviction of the person registered of any infamous crime . . . ."

Section 220, Elections Code, is as follows: "Every person who willfully causes, procures, or allows himself . . . to be registered as a voter, know-

ing that he . . . is not entitled to registration, is punishable by imprisonment in the state prison for not less than one nor more than three years."

We do not doubt that the conviction of a violation of section 220, Elections Code, is an infamous crime within the meaning of section 383. However, we do not meet in this case the question whether a judgment in a civil action determining that a person is not and has not been a resident of a precinct in which he is registered takes the place of a judgment of conviction of an infamous crime so as to permit the permanent and total cancellation of his registration as a voter. It may be that such a civil judgment would have the effect of determining no more than that the person is not legally registered in that precinct; and in the case of one who was formerly properly registered in a certain precinct, to which he continued to bear the same relationship as formerly, but who may have acquired a subsidiary place of dwelling in another precinct, might have the effect of restoring the registration as an elector in such original precinct.

If a genuine controversy existed as to Ferreira's right to vote in the City of Chula Vista, declaratory relief would be a proper method of determining that controversy in advance of an election.

His action properly would not be under section 350, since he was in fact registered. Nevertheless, his right to be so registered was in controversy. The right to obtain judicial determination of the existence of a right to be so registered provided by section 350 afforded a basis for seeking declaratory relief.

The complaint was subject to special demurrer in certain respects and grounds of special demurrer were stated but not ruled upon.

■ Apart from the ambiguities, the complaint set forth facts sufficient to constitute a cause of action for declaratory relief. It alleged Ferreira was a citizen of the United States and of the State of California; that he had registered to vote as an elector of the City of Chula Vista at a given address and that the registration was on file with the registrar; that he had been domiciled in the City of Chula Vista many months continuously at the time of registration and ever since had intended to make his domicile therein; that at all times material he had maintained a residence at the given street address; that the registrar had threatened to take steps to stop Ferreira from voting in Chula Vista and that a dispute existed as to his right to vote there.

■ The designation by the elector of his voting precinct is not essential to his registration as a voter (Elec. Code, §§ 316, 206), and should not be an essential to a judgment determining his right to be registered. (Elec. Code, §§ 217, 350.)

The sustaining of the demurrer without leave to amend cannot be justified upon the ground that a specific statutory procedure existed under which Ferreira might properly obtain the relief he sought.

In *Communist Party* v. *Peek,* 20 Cal.2d 536 [127 P.2d 889], the court pointed out the existence of a specific summary procedure under section 2900, Elections Code (now § 6403) available to a person in the position of the plaintiff in that action. The holdings in *Fritz* v. *Superior Court,* 18 Cal. App.2d 232 [63 P.2d 872], and *Wieber* v. *Worton,* 105 Cal.App.2d 626 [234 P.2d 114], although dealing with different situations and statutes, were to the same effect. The alternative specific remedy must be one available to the person seeking declaratory relief. (*Columbia Pictures Corp.* v. *De Toth,* 26 Cal.2d 753, 761 [161 P.2d 217, 162 A.L.R. 774].)

A person seeking a determination of his own right to be registered cannot commence an action under section 391. That section would not afford him as a plaintiff an opportunity to obtain the desired relief.

Perhaps he might, in an action commenced against him by another under section 391, file a cross-complaint, joining the registrar of voters as a party, seeking declaratory relief. In such an event a plea in a second action of another action pending might be appropriate. (See *Precision Automotive* v. *Northern Ins. Co.,* 252 Cal.App.2d 1036, 1041-1042 [61 Cal.Rptr. 200].) Nothing in the record indicates that Ferreira had appeared in action #305926 at the time the demurrer in the case at bench was ruled upon.

It may be doubted that if action #305926 had not been pending it would have been argued that the demurrer might be sustained without leave to amend because of the availability of another remedy. If the pending action under section 391 were disregarded, it could not have been said there was another remedy available to Ferreira.

 If the demurrer upon the ground another action was pending should properly have been sustained it should only have given rise to an interlocutory judgment abating the present action.

An intermingling of the two arguments—a prior action pending and another available remedy—did not lend to either a vitality otherwise lacking in both as reason to sustain the demurrer without leave to amend.

The written order sustaining the demurrer, signed on May 7, 1968, by the judge who ruled upon the demurrer, stated it was done without leave to amend. A second order was signed two days later by a different judge who had not ruled upon the demurrer; it ordered that the present action be abated pending determination of the earlier action, and that the

demurrer be sustained without leave to amend. The second order, which made no reference to the first order, must be considered a nullity.

The judgment is reversed with directions to the trial court to rule upon the demurrer in accordance with the views expressed herein.

Brown (Gerald), P. J., and Coughlin, J., concurred.