**Jean A. FLANARY, Appellant,**

v.

**Jerry M. ROWLETT, Respondent.**

**No. WD 31291.**

Missouri Court of Appeals,
Western District.

Feb. 2, 1981.

Scott Ross, Beavers & Ross, Maryville, for appellant.

Errol D. Taylor and Mark G. Stingley, Utz, Litvak, Thackery, Utz & Taylor, St. Joseph, for respondent.

Before WASSERSTROM, C. J., Presiding, and DIXON and SOMERVILLE, JJ.

SOMERVILLE, Judge.

In 1976 Jean A. Rowlett (now Jean A. Flanary and hereinafter referred to as plaintiff) filed a petition in the Circuit Court of Holt County, Missouri, for dissolution of the marriage between herself and Jerry M. Rowlett (hereinafter referred to as defendant). A written separation agreement attendant upon dissolution of the marriage was entered into which, insofar as here relevant, contained inclusive provisions regarding division of the marital property.

The petition for dissolution of marriage was taken up on June 14, 1976, at which time both parties appeared in person and by their respective attorneys, evidence was heard, the separation agreement was presented to the court, and a decree was entered dissolving the marriage. The decree of dissolution, inter alia, contained a finding that the separation agreement was "not unconscionable" and its terms and provisions were set forth and incorporated in the decree of dissolution pursuant to Section 452.325, RSMo Supp. 1975.[1] Neither party filed any post trial motions nor appealed from the decree of dissolution rendered June 14, 1976, by the Circuit Court of Holt County.

Long after all aspects of a final judgment had attached to the decree of dissolution, and more particularly on June 5, 1979, plaintiff filed a petition for declaratory judgment in the Circuit Court of Holt County seeking a declaration that the following provision contained in the separation agreement and incorporated in the decree of dissolution, pertaining to the family residence which she received as her "separate and absolute property", constituted an "unreasonable restraint on alienation" and was "void": "[I]t is expressly understood and agreed between the parties with reference to the residence owned by said parties that in the event wife desires to sell said property, husband shall have and he is hereby granted the first option to purchase said real estate from wife for the price originally paid by husband and wife for said residence plus the costs of any improvements added to or made upon said house, which improvements do not include the costs of ordinary maintenance for the preservation thereof." It is appropriate to note at this juncture that Section 452.325.4(1) and .5, *supra*, provide that "[u]nless the separation agreement provides to the contrary, its terms shall be set forth in the decree of dissolution ... and the parties shall be ordered to perform them" and "[t]erms of the agreement set forth in the decree are enforceable by all remedies available for the enforcement of a judgment ... "

■ Defendant filed a motion for summary judgment postulated on plaintiff's petition for declaratory judgment and the separation agreement and decree of dissolution which were attached thereto as exhibits and incorporated therein by reference.[2] His motion for summary judgment was premised on two legal grounds: (1) that plaintiff's petition for declaratory judgment was an impermissible collateral attack on the final decree of dissolution; and (2) that the final decree of dissolution was "res judicata" as to the issue tendered in the declaratory judgment action. The trial court granted summary judgment in favor of defendant and against plaintiff, and, in doing so, recited that the decree of dissolution was a final judgment which "decided" and

1. Now Section 452.325, RSMo 1978.

2. A summary judgment may be based solely upon the pleadings. *Sam Kraus Company v.*

*State Highway Commission*, 416 S.W.2d 639 (Mo.1967); and *Dowdy v. Lincoln National Life Insurance Company*, 384 S.W.2d 282 (Mo.App. 1964).

was "controlling as to all issues" raised by plaintiff in her petition for declaratory judgment. Plaintiff duly appealed therefrom.

■ Fostered, perhaps, by want of greater specificity in the reason recited by the trial court for granting summary judgment, plaintiff seeks to circumscribe resolution of her appeal to the doctrine of "collateral estoppel" (estoppel by verdict) as evidenced by the two points she replies upon: (1) that ultimate facts determinative of the issue raised in the declaratory judgment action were "neither necessarily nor in fact" adjudicated in the dissolution of marriage proceeding; and (2) therefore the doctrine of "collateral estoppel" (estoppel by verdict) was inapplicable. Plaintiff's attempt to so narrow the issue on appeal is rejected. Placed in proper perspective, disposition of this appeal essentially revolves around the broader issue of whether plaintiff's action for declaratory judgment constitutes an impermissible collateral attack upon the final decree of dissolution. A lack of greater specificity in the reason assigned by the trial court for granting summary judgment in favor of defendant is immaterial because if, as a matter of law, the summary judgment is sustainable upon any theory, the judgment of the trial court must be sustained. *Swink v. Swink*, 367 S.W.2d 575, 578 (Mo.1963); and *City of Kirkwood v. City of Sunset Hills*, 589 S.W.2d 31, 34 (Mo.App.1979).

■ Although the terms "collateral attack" and "direct attack" with reference to final judgments are frequently used interchangeably, cognizance is taken at the outset that they are legally distinguishable. The legal distinction between the two terms is expressed with notable clarity in the Restatement of Judgments, § 11, Comment a: "The taking of proceedings in the action in which a judgment is rendered to have the judgment vacated or reversed or modified by appropriate proceedings either in the trial court or in an appellate court is a

direct attack upon the judgment. So also, the taking of independent proceedings in equity to prevent the enforcement of the judgment is a 'direct attack' ... Where a judgment is attacked in other ways than by proceedings in the original action to have it vacated or reversed or modified or by a proceeding in equity to prevent its enforcement, the attack is a 'collateral attack'." [3]

■ Plaintiff neither pleaded nor contended below or on appeal that the court which rendered the decree of dissolution lacked subject matter jurisdiction or personal jurisdiction over the parties, that any requisites of due process were violated, that the decree of dissolution was fraught with extrinsic fraud, accident or mistake, or that facts aliunde or dehors the record in the dissolution of marriage proceedings defeated the power of the court to enter a valid decree of dissolution. The complained of provision was merely one incident of a comprehensive separation agreement amicably negotiated between the parties to effect, among other things, what they believed to be a fair and equitable division of their marital property. Their doing so was consistent with sound public policy as reflected by Section 452.325, *supra*. After contractually binding themselves the parties tendered the separation agreement to the court for approval, and, after being found by the trial court not to be unreasonable, it was incorporated in the decree of dissolution with all of its terms "enforceable by all remedies available for the enforcement of a judgment." Section 452.325.5, *supra*. In legal contemplation the terms of the separation agreement, including the one presently under attack by plaintiff, were adjudicated by the trial court in the dissolution of marriage proceedings. In this connection, the following portions of Section 452.-360.1 and .2, RSMo Supp.1975 (now Section 452.360, RSMo 1978), have a direct bearing: "A decree of dissolution of marriage ... is final when entered, subject to the right of appeal ..." and "[t]he court's order as it

---

**3.** An action for declaratory relief is neither legal nor equitable, but sui generis. *McDown v. Wilson*, 426 S.W.2d 112, 117 (Mo.App.1968);

and *Kalberloh v. Stewart*, 378 S.W.2d 820, 823 (Mo.App.1964).

affects distribution of marital property shall be a final order not subject to modification." As held in *State Ex Inf. Voigts, Etc. v. City of Pleasant Valley,* 453 S.W.2d 700, 704 (Mo.App.1970), "[a] judgment rendered by a court having jurisdiction of the parties and subject matter ... is not open to collateral attack in respect of its validity or conclusiveness of the matters adjudicated." In the same vein, an action for declaratory judgment will not be tolerated as a subterfuge or facade for litigating an issue to which a former final judgment is conclusive. *Cantrell v. City of Caruthersville,* 267 S.W.2d 646, 648 (Mo.1954).

▪ Plaintiff at no time pleaded, suggested or contended that she did not enter into the separation agreement of her own free will and volition. It is reasonable to assume that the provision of the separation agreement presently under attack represented one of many incidents of give and take inherent in the overall negotiations engaged in by the parties to effect what they ultimately concluded to be a fair and reasonable division of all of their marital property. In the narrow context just mentioned, plaintiff's belated attempt to have the provision in question declared unenforceable as an unreasonable restraint on alienation would, if successful, have the ripple effect of unbalancing the division of marital property which was agreed upon the parties, approved by the trial court, and incorporated in the decree of dissolution. Plaintiff had three legally appropriate opportunities to question the provision of the separation agreement with which she subsequently became disenchanted: one, before she signed the separation agreement; two, when it was presented to the trial court in the dissolution of marriage proceedings for approval; and three, by timely appeal from the decree of dissolution. The fact that she chose not to do so at any of the opportune times mentioned implies that her action for declaratory judgment was an afterthought to charge the trial court in the dissolution of marriage proceedings with commission of an error of law in approving the controversial provision in the separation agreement and incorporating it in the decree of disso-

lution. Assuming, arguendo, that the trial court committed an error of law in the respect just mentioned, it is patent that doing so was invited and encouraged by plaintiff when she signed the separation agreement and was a party to its presentation to the trial court for judicial approval and incorporation in the decree of dissolution. This state is committed to the principle that an error of law does not afford grounds for collaterally attacking a final judgment. *State ex rel. McGrew Coal Co. v. Ragland,* 339 Mo. 452, 97 S.W.2d 113, 116 (banc 1936). Application of this principle in the instant case is uniquely appropriate.

A case closely in point, *Leach v. Leach,* 172 Cal.App.2d 330, 341 P.2d 758 (1959), is worthy of mention. There a husband and wife entered into a property settlement agreement which was subsequently incorporated in a final decree of divorce. Under the terms of the separation agreement it was agreed that title to the family residence would remain in "joint tenancy", that the wife was given the exclusive right of occupancy, and that "[n]either of the parties hereto shall transfer or dispose of said real property without the consent of the other first had and obtained." In a declaratory judgment action brought by the husband after the divorce decree became final, the trial court declared the quoted limitation "void as an unlawful condition in violation of Civil Code Section 711 ..." On appeal by the wife the declaratory judgment was reversed. In doing so, the appellate court, 341 P.2d at 760, held: "The divorce court had jurisdiction over the parties and subject matter and even if its decree in this respect is erroneous on its face it cannot be collaterally impeached on that ground. (29 Cal.Jur.2d, Judgments, § 207, p. 160.) Nor does the fact that the decree may contravene a statute render it subject to collateral attack. The courts have repeatedly held in the case of decrees of distribution that provisions in such decrees contravening statutory restraints on alienation or other statutory provisions are immune to collateral attack."

It is noted that plaintiff places great emphasis on *Kershner v. Hurlburt*, 277 S.W.2d 619 (Mo.1955), to buttress her contention that the provision of the separation agreement under attack constituted an unreasonable restraint on alienation. In view of the basis relied upon for disposition of this appeal, it is unnecessary to decide whether the restraint on alienation in the case at bar was reasonable or unreasonable, and this court expressly refrains from doing so.

In reality, plaintiff's petition for declaratory judgment was, purely and simply, an unwarranted attempt to collaterally attack the final decree of dissolution. Such being the case, the trial court did not err in granting summary judgment in favor of defendant.

Judgment affirmed.

All concur.