[No. A121809. First Dist., Div. Five. July 28, 2009.]

TIMOTHY J. OWEN, Plaintiff and Appellant, v.
STEPHEN P. SANDS, as Registrar of Contractors, etc., Defendant and
Respondent.

## Counsel

Timothy J. Owen, in pro. per., for Plaintiff and Appellant.

Edmund G. Brown, Jr., Attorney General, and Diann Sokoloff, Deputy Attorney General, for Defendant and Respondent.

## OPINION

**BRUINIERS, J.**[*]—A licensed contractor was cited for six violations of state contractor law and ordered to pay civil penalties and compensation to the injured homeowner. He challenged the citation, which was upheld by the Registrar of Contractors after an administrative hearing at which the violations were found true by a preponderance of the evidence. The contractor argues the standard of proof should have been clear and convincing evidence. We conclude the agency applied the correct standard of proof. We also reject the contractor's contention that he was improperly convicted of criminal misdemeanors through an administrative proceeding, and his argument that the administrative hearing was procedurally flawed because no accusatory pleading was filed.

### BACKGROUND

The following facts are taken from the administrative law judge's findings, which are not disputed for purposes of this appeal. On June 28, 2005, Timothy J. Owen verbally agreed to replace 18 windows, install a sliding glass door, and replace the front door in a Kensington home for $19,000. He performed the work in July and August 2005, even though his contractor's license was not issued until September 2005. The homeowner asked other contractors to review the quality of Owen's work, and it was found deficient. When the homeowner confronted Owen on the matter, he became angry, demanded more money, and ultimately abandoned the project. The homeowner hired another contractor to correct and complete the work at a cost of $13,265.

The Registrar of Contractors (Registrar) issued a citation to Owen alleging six violations of the Business and Professions Code:[1] (1) engaging in the business of contractor without a license (§ 7028); (2) willfully and materially departing from trade standards of good workmanship (§ 7109); (3) failing to correct or complete a project for the stated contract price, causing the owner to secure the services of another contractor (§ 7113); (4) failing to include required provisions in the contract (§ 7159); (5) willfully or fraudulently acting in a manner that substantially injured another (§ 7116); and (6) falsely claiming a workers' compensation insurance exemption (§ 7125, subd. (b)).

---

[*]Judge of the Contra Costa Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

[1] All statutory references are to the Business and Professions Code unless otherwise indicated.

The citation imposed civil penalties totaling $1,600 and an order of correction requiring Owen to pay the homeowner $7,880.79.

Owen contested the citation and a hearing was held before an administrative law judge (ALJ) of the Contractors' State License Board. Before the hearing commenced, Owen argued that the standard of proof at the hearing should be clear and convincing evidence, but the ALJ ruled the applicable standard of proof was preponderance of the evidence. Following four days of testimony, the ALJ found each of the alleged violations to be true, and increased the civil penalties to $2,000 after finding Owen's conduct was deceitful, grave and egregious. The Registrar adopted the ALJ's proposed decision in September 2007 and his decision became final in October.

In November 2007, Owen filed a petition for administrative mandamus asking the court to set aside the decision on the ground that the ALJ applied the wrong standard of proof. (Code Civ. Proc., § 1094.5.) After briefing, the trial court ruled that the preponderance of the evidence was the correct standard of proof and denied the petition.

DISCUSSION

Owen argues the ALJ applied the wrong standard of proof, that the ALJ improperly convicted him of misdemeanors without criminal jurisdiction, and that the hearing was procedurally flawed because it was not initiated with a formal accusatory pleading. Because only legal issues are raised on appeal, our standard of review is de novo. (*Steinsmith v. Medical Board* (2000) 85 Cal.App.4th 458, 465 [102 Cal.Rptr.2d 115] (*Steinsmith*).)

I.   *Standard of Proof at the ALJ Hearing*

Owen argues the standard of proof required in all professional or vocational license disciplinary proceedings is clear and convincing proof to a reasonable certainty. We conclude the preponderance standard was appropriate in the citation proceeding because the only potential sanctions were orders of correction and civil penalties.

■   Owen relies on a line of cases holding that the clear and convincing evidence standard of proof applies in proceedings to restrict, suspend or revoke professional or vocational licenses. In the lead case of *Ettinger v. Board of Medical Quality Assurance*, the court held that "the proper standard of proof in an administrative hearing to revoke or suspend a doctor's license should be *clear and convincing proof to a reasonable certainty* and not a

mere *preponderance of the evidence.*" (*Ettinger v. Board of Medical Quality Assurance* (1982) 135 Cal.App.3d 853, 856 [185 Cal.Rptr. 601] (*Ettinger*).) *Ettinger* in turn relied on cases holding that this heightened standard of proof applies in proceedings to disbar an attorney or to suspend or revoke a real estate license. (*Id.* at p. 855, citing *Furman v. State Bar* (1938) 12 Cal.2d 212, 229 [83 P.2d 12] (*Furman*); *Small v. Smith* (1971) 16 Cal.App.3d 450, 457 [94 Cal.Rptr. 136] (*Small*); *Realty Projects, Inc. v. Smith* (1973) 32 Cal.App.3d 204, 212 [108 Cal.Rptr. 71] (*Realty Projects*); see also *Kapelus v. State Bar* (1987) 44 Cal.3d 179, 184, fn. 1 [242 Cal.Rptr. 196, 745 P.2d 917] (*Kapelus*); cf. *San Benito Foods v. Veneman* (1996) 50 Cal.App.4th 1889, 1892–1895 [58 Cal.Rptr.2d 571] [heightened standard of proof not required in proceeding to revoke nonprofessional food processing license]; *Mann v. Department of Motor Vehicles* (1999) 76 Cal.App.4th 312, 318–320 [90 Cal.Rptr.2d 277] [same, with respect to vehicle salesperson's license].) Although Owen does not cite any case that holds the clear and convincing evidence standard of proof applies in a licensed contractor disciplinary proceeding, the Registrar does not dispute that the higher standard would apply in a proceeding seeking suspension, or revocation of a contractor's license. (See *Viking Pools, Inc. v. Maloney* (1989) 48 Cal.3d 602, 605 [257 Cal.Rptr. 320, 770 P.2d 732] [noting that ALJ applied clear and convincing evidence standard in licensed contractor disciplinary hearing without addressing whether the higher standard was required].)

■ The question before us is whether the clear and convincing evidence standard also applies in a citation proceeding where the only proposed sanctions are a civil penalty or an order of correction, and which does not involve restriction, suspension, or revocation of a contractor's license. In the licensed contractor context, the Registrar generally has the power to "cite, temporarily suspend, or permanently revoke any license or registration if the . . . licensee . . . is guilty of or commits any one or more of the acts or omissions constituting causes for disciplinary action." (§ 7090; see also § 7095.) A subset of statutes, however, provides for citation proceedings with more limited remedies. (§§ 7099–7099.11.) "If, upon investigation, the registrar has probable cause to believe that a licensee . . . has committed any acts or omissions which are grounds for denial, revocation, or suspension of license, he or she may, in lieu of proceeding pursuant to this article, issue a citation to the licensee . . . . Each citation . . . may contain an *order of correction* fixing a reasonable time for correction of the violation or *an order . . . for payment* of a specified sum to an injured party in lieu of correction, and may contain an assessment of a *civil penalty.*" (§ 7099, italics added.) If the licensee appeals a citation, the Registrar must afford an opportunity for a hearing and "thereafter issue a decision, based on findings

of fact, affirming, modifying, or vacating the citation or penalty, or directing other appropriate relief." (§ 7099.5; see § 7099.3.) Suspension or revocation of a license cannot be ordered unless certain procedural prerequisites, such as the filing of an accusation, are satisfied. (See, e.g., Gov. Code, § 11503.)[2] Those procedures were not invoked here.

Neither party has cited, and we have not found, any case law that directly addresses the appropriate standard of proof in a citation proceeding such as that described in section 7099 et seq. Therefore, we look to the principles underlying the *Ettinger* line of cases for guidance on the issue.

In *Hughes v. Board of Architectural Examiners*, the Supreme Court linked the *Ettinger* cases to procedural due process principles.[3] (*Hughes v. Board of Architectural Examiners* (1998) 17 Cal.4th 763, 788–789 [72 Cal.Rptr.2d 624, 952 P.2d 641].) "[W]e often have recognized that an individual, having obtained the license required to engage in a particular profession or vocation, has a 'fundamental vested right' to continue in that activity. [Citations.] [¶] A licensee, having obtained such a fundamental vested right, is entitled to certain procedural protections greater than those accorded an applicant. For example, this court repeatedly has held, with exceptions not pertinent here, that the 'independent judgment' standard of review must be applied [in the trial court] to an administrative decision that substantially affects such a fundamental vested right. [Citations.]" (*Id.* at pp. 788–789.) "Similarly, it has been held that procedural due process of law requires a regulatory board or agency to prove the allegations of an accusa-

---

[2] "A hearing to determine whether a right, authority, license or privilege should be revoked, suspended, limited or conditioned shall be initiated by filing an accusation. The accusation shall be a written statement of charges which shall set forth in ordinary and concise language the acts or omissions with which the respondent is charged, to the end that the respondent will be able to prepare his defense. It shall specify the statutes and rules which the respondent is alleged to have violated, but shall not consist merely of charges phrased in the language of such statutes and rules. The accusation shall be verified unless made by a public officer acting in his official capacity or by an employee of the agency before which the proceeding is to be held. The verification may be on information and belief." (Gov. Code, § 11503.)

[3] The rationale of the *Ettinger* cases themselves is not entirely clear. *Furman* relies on a disbarment case in which the Supreme Court held clear and convincing evidence was required because of the quasi-criminal nature of the proceeding and because removing or suspending a person from the practice of his or her profession deprived the person of " 'personal and property rights.' " (*In re Bar Association of San Francisco* (1921) 185 Cal. 621, 623–624 [198 P. 7], cited in *Furman, supra,* 12 Cal.2d at p. 229.) *Ettinger, Realty Projects,* and *Small* followed *Furman* based on the similarities between disbarment proceedings and the professional disciplinary proceedings at issue in those cases. (*Ettinger, supra,* 135 Cal.App.3d at pp. 855–856; *Realty Projects, supra,* 32 Cal.App.3d at p. 212; *Small, supra,* 16 Cal.App.3d at pp. 457–458.)

tion filed against a licensee by clear and convincing evidence rather than merely by a preponderance of the evidence. (See, e.g., *Kapelus*[, *supra*, 44 Cal.3d at p.] 184, fn. 1 . . . ; *Ettinger*[, *supra*, 135 Cal.App.3d at p.] 856 . . . ; [citation].)" (*Id.* at p. 789, fn. 9.)

Although courts have not considered the appropriate standard of proof in administrative citation proceedings, courts have addressed the appropriate *trial court* standard of review (independent judgment or substantial evidence) with respect to citation proceedings. Because both procedural requirements derive from similar due process considerations, we take guidance from those cases, which have held that the heightened standard of review (independent judgment) does *not* apply. In *Handyman Connection of Sacramento, Inc. v. Sands*, the Third Appellate District held that the independent judgment standard of review did not apply on review of a citation proceeding where a licensed contractor was fined for four violations of the Contractors' State License Law (§ 7000 et seq.). (*Handyman Connection of Sacramento, Inc. v. Sands* (2004) 123 Cal.App.4th 867, 871, 880 [20 Cal.Rptr.3d 727] (*Handyman*).) The court explained, "In a case such as this one, where the only sanction imposed is a fine—not revocation, suspension, or restriction of the petitioner's license—no fundamental vested right is implicated and the trial court is not authorized to exercise independent judgment on the evidence." (*Id.* at p. 880.) *Handyman* followed *Steinsmith*, which similarly held that the independent judgment standard of review did not apply in a case where a physician was cited for aiding the unlicensed practice of medicine by others and merely fined $500. (*Steinsmith, supra,* 85 Cal.App.4th at pp. 460, 464–465.) *Steinsmith* in turn followed *Steve P. Rados, Inc. v. California Occupational Safety & Health Appeals Board*, which so held in a case where a licensed contractor was cited for violating a construction safety order and assessed a civil penalty. (*Steve P. Rados, Inc. v. California Occupational Saf. & Health Appeals Bd.* (1979) 89 Cal.App.3d 590, 593–594 [152 Cal.Rptr. 510] (*Rados*).)

■ Because *Hughes* indicates that application of the "independent judgment" standard of review and the "clear and convincing evidence" standard of proof both depend on the nature of the fundamental vested property right at issue in a licensee disciplinary case, we find the *Handyman, Steinsmith*, and *Rados* rationales persuasive as to the standard of proof applicable in citation proceedings. We conclude that, because the citation hearing on review could only result in civil penalties or correction orders, and could not have resulted in orders suspending, limiting, or revoking Owen's license, the preponderance of the evidence rather than the clear and convincing evidence standard of proof applied.

■ Owen, however, argues that the citation hearing is nonetheless a "disciplinary" hearing within the meaning of the statutory scheme and thus necessarily falls under the *Ettinger* rule. He correctly observes that the statutes governing citation proceedings are codified in an article of the Business and Professions Code entitled "Disciplinary Proceedings" (div. 3, ch. 9, art. 7; Stats. 1939, ch. 37, § 1, pp. 381, 389 [article heading enacted by Legislature]), that statutes in the article seem to use the term "disciplinary action" to include both citations and suspension, or revocation of a license (§ 7090), and that the ALJ at one point in his decision suggested he was imposing "discipline." (§§ 7090, 7099–7099.11.) However, Owen is incorrect that the procedural safeguards the due process clause requires in an administrative proceeding are determined solely based on whether the proceeding is "disciplinary." Instead, the necessary procedural safeguards are determined through a balancing test, which includes assessing the weight of " 'the private interest that will be affected by the official action . . . .' " (*Saleeby v. State Bar* (1985) 39 Cal.3d 547, 565 [216 Cal.Rptr. 367, 702 P.2d 525].) In the public employment context, the court has held that "civil service employees upon whom short suspensions had been imposed for disciplinary reasons were not entitled to full procedural presuspension protection of the kind provided before termination of employment. (See *Skelly* v. *State Personnel Bd.* (1975) 15 Cal.3d 194 [124 Cal.Rptr. 14, 539 P.2d 774].)" (*Id.* at p. 564.)

■ Similarly, we join the *Handyman, Steinsmith*, and *Rados* courts in concluding that licensed contractors cited for violations and subject only to sanctions such as correction orders or monetary penalties are not entitled to the same procedural safeguards afforded to contractors who face restriction, suspension, or revocation of their licenses.

Owen argues that his citation proceeding was equivalent to a disciplinary proceeding that could result in suspension or revocation of his license because if he fails to pay the fines and penalties assessed by the Registrar his license will be suspended or revoked by operation of law.[4] (See § 7090.1.) We disagree. That the Registrar can enforce the correction orders and

---

[4] Alternatively, Owen argues the preponderance of the evidence standard is acceptable at the citation hearing if the issue to be decided at the hearing is limited to whether there was probable cause to believe the alleged violations occurred, and that a hearing on whether the violations actually occurred would take place later and would be subject to a clear and convincing evidence standard of proof. We disagree with this creative interpretation of the statutory scheme. Section 7099 authorizes the Registrar to *issue* a citation upon probable cause to believe a violation has occurred. (§ 7099.) The citation alleges an actual violation: "Each citation shall be in writing and shall describe with particularity the nature of the violation, including a reference to the provisions alleged to have been violated." (*Ibid.*) After the hearing, the Registrar decides based on findings of fact whether to affirm, modify or vacate the citation. (§ 7099.5.) Because the citation itself alleged that certain violations occurred, an affirmance of the citation finds that the violations in fact occurred, not that there is probable cause to believe they occurred.

penalties in this manner[5] does not change the fact that the greatest sanction that could be imposed in the citation proceeding itself was a fine or penalty, not suspension or revocation of his license. Critically, Owen does not argue that the fines and penalties imposed were so burdensome as to be tantamount to a suspension or revocation of his license.[6]

We conclude the ALJ properly applied the preponderance of the evidence standard of proof at Owen's citation hearing.

## II. *Criminal Jurisdiction*

Owen argues the ALJ effectively convicted him of two misdemeanors when it found he violated sections 7028 and 7125, and that it acted unlawfully in doing so because it had no jurisdiction over criminal prosecutions. This argument lacks merit.

■ Owen correctly observes that sections 7028 and 7126 (which refers back to §§ 7125–7125.4) define misdemeanor crimes, which may only be prosecuted in a criminal court. However, the code also expressly authorizes the Registrar to cite individuals for violating the statutory prohibitions. Section 7028, subdivision (a), provides, "It is a misdemeanor for any person to engage in the business or act in the capacity of a contractor within this state without having a license therefor, unless the person is particularly exempted from the provisions of this chapter." ■ Section 7028.2 authorizes a criminal complaint to be filed only by the Attorney General, a district attorney or a prosecuting attorney for a city. However, section 7028.6 authorizes and section 7028.7 *requires* the Registrar to cite an individual if the Registrar has probable cause to believe the individual is acting as a contractor without a license and expressly provides, "The sanctions autho-

---

[5] In December 2008, Owen asked us to take additional evidence pursuant to Code of Civil Procedure section 909 of the Registrar's suspension of his license for failure to comply with the citation order he is challenging in this appeal. He also asked us to take judicial notice of an official record of the revocation of his license on August 25, 2008, for failure to comply with the same order. In January 2009, we denied the motion to take additional evidence and deferred a ruling on the request for judicial notice. We now deny the request for judicial notice because events that take place after entry of the final administrative order under review are outside the proper scope of our review. (See *Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3 [58 Cal.Rptr.2d 899, 926 P.2d 1085].)

[6] Owen suggests that he would have had to forfeit his right to appeal the trial court's decision (by satisfying the correction order and penalty assessment) in order to avoid suspension or revocation of his license, but the case he cites refutes his contention. (See *Ryan v. California Interscholastic Federation* (2001) 94 Cal.App.4th 1033, 1040 [114 Cal.Rptr.2d 787] ["compliance or satisfaction [of a judgment] that is compelled does not constitute a waiver of the right to appeal. Such a waiver is implied only where the satisfaction or compliance is the product of compromise or is coupled with an agreement not to appeal."].)

rized under this section shall be separate from, and in addition to, all other remedies either civil or criminal." (*Ibid.*)

Similarly, section 7125 requires the Contractors' State License Board to require contractors to file certificates of workers' compensation insurance unless specifically exempted by statute, and section 7126 provides that a licensee who fails to comply with such a requirement is guilty of a misdemeanor. However, section 7125.2, subdivision (d), provides that "with respect to an unlicensed individual acting in the capacity of a contractor who is not otherwise exempted from the provisions of this chapter, a citation may be issued by the registrar under Section 7028.7 for failure to comply with this article and to maintain workers' compensation insurance."

Owen argues that if the Registrar intended to proceed under sections 7028.7 and 7125.2, he should have cited Owen under those statutes rather than for violating sections 7028 and 7125. However, the statutes cited by the Registrar describe the statutory requirements Owen allegedly violated. Sections 7028.7 and 7125.2 merely authorize the Registrar to sanction the violations by way of a citation. The citations appropriately put Owen on notice of the violations he allegedly committed.

### III.  *Failure to File an Accusation*

■ Owen argues the Registrar's decision must be set aside because he failed to file an accusation to initiate the hearing before the ALJ. This argument is forfeited because Owen did not raise the argument in the administrative proceeding or in the trial court.[7] (*Ward v. Taggart* (1959) 51 Cal.2d 736, 742 [336 P.2d 534].) In any event, the argument lacks merit. Owen correctly notes that hearings on contested citations must be conducted in accordance with the Administrative Procedure Act's procedures for administrative adjudications. (§ 7099.5; Gov. Code, § 11500 et seq.) He argues that Government Code section 11503 requires the filing of an accusation to initiate the hearing. However, that statute only requires the filing of an accusation to initiate a "hearing to determine whether a right, authority, license or privilege should be revoked, suspended, limited or conditioned." (*Ibid.*) As already explained, the citation proceeding did not seek restriction, suspension, or revocation of Owen's license.

---

[7] Owen represents that he raised the issue in a reply brief he filed in the trial court, but that brief is not included in the appellate record.

## DISPOSITION

The judgment is affirmed. Owen shall pay the Registrar's costs on appeal.

Simons, Acting P. J., and Needham, J., concurred.

A petition for a rehearing was denied August 18, 2009, and appellant's petition for review by the Supreme Court was denied Novenmber 19, 2009, S176433.