Filed 5/30/24; certified for publication 6/25/24 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| CASA BLANCA BEACH ESTATES OWNERS' ASSOCIATION, | 2d Civ. No. B314102 (Super. Ct. No. 18CV04772) (Santa Barbara County) |
| Plaintiff and Appellant, | |
| v. | |
| COUNTY OF SANTA BARBARA et al., | |
| Defendants and Respondents. | |

In the midst of administrative proceedings, Casa Blanca Beach Estates Owners' Association (Casa Blanca) sought declaratory relief against the County of Santa Barbara (County) and the California Coastal Commission (Commission) regarding the timing of its obligation to construct a beach access walkway pursuant to an offer to dedicate recorded in 1990. The trial court

correctly found Casa Blanca failed to exhaust its administrative remedies and entered judgment in favor of respondents. We will affirm.

FACTUAL AND PROCEDURAL BACKGROUND

More than 30 years ago, the County of Santa Barbara Planning Commission approved the development of a 12-lot oceanfront subdivision in Carpinteria. Casa Blanca is the non-profit homeowner's association formed to manage the development. It has owned the common area within the development since the 1990s.

The development's approval was subject to multiple conditions. Condition 20 required Casa Blanca's predecessor-in-interest to "provide an irrevocable offer to dedicate a lateral access easement five feet in width . . ." for public beach access and to construct a concrete walkway along the entire easement length within 180 days after acceptance of the offer to dedicate. Casa Blana's predecessor recorded an Irrevocable Offer to Dedicate Easement (offer to dedicate) including terms requiring the applicant to construct a concrete walkway within "[180] days after the last to occur of the following: [¶] (i) recordation of said Notice of Acceptance, or [¶] (ii) issuance of any required land use permit or other governmental approval needed to permit construction of the accessway, including approval by the State Lands Commission, if required."

The County accepted the offer to dedicate in 2011. In 2017, the County and Commission sent Casa Blanca a notice of violation alleging the deadline to construct the walkway had

2

passed.[1] In response, Casa Blanca submitted walkway construction plans to the County, but was told it must obtain a coastal development permit from the Commission. It applied to the Commission for the permit, but the Commission deemed the application incomplete. Over the next few years, Casa Blanca and the Commission unsuccessfully worked together to complete the permit application.

In September 2018, Casa Blanca filed a complaint for declaratory relief against the County and Commission and petitioned for writ of mandate against the County, alleging it had exhausted all administrative remedies and had no plain, speedy, or adequate remedy at law.

In May 2019, as litigation proceeded, Casa Blanca appealed the Commission staff's determination that its application was incomplete but then withdrew the appeal at the Commission's request, stating it would examine the feasibility of two alternative construction options. It subsequently determined further study of the alternatives was not worthwhile and declined to submit the requested analysis to the Commission.

In November 2019, the court heard cross motions for summary judgment and/or adjudication from the County and Casa Blanca. The Commission opposed Casa Blanca's motion but did not move for summary judgment. The trial court granted the County's motion on all causes of action and denied Casa Blanca's. As to the first and third causes of action, the court found the offer

---

[1] The County authorized the Commission to assume primary responsibility for resolving Casa Blanca's alleged violation. (Pub. Resources Code, § 30810, subd. (a)(1).)

3

to dedicate had been timely accepted by the County.[2]  As to the second cause of action seeking a determination regarding "the deadline for Casa Blanca to meet any obligation . . . to construct a walkway within the land described in . . . the Offer to Dedicate" it found it had no jurisdiction because Casa Blanca had failed to exhaust administrative remedies.

One month later, the Commission, acting alone, issued a "Notice of Intent to Record Notices of Violation of the Coastal Act and Notice of Intent to Commence Cease and Desist Order and Administrative Civil Penalty Action Proceedings" (notice of intent).  Ten months after that, Casa Blanca filed a Statement of Defense and Objections to Recordation of Notices of Violation. After the State Lands Commission issued a preliminary determination showing portions of the promised walkway encroached on tidal lands, the Commission rescinded the portion of its notice of intent regarding its intent to record the notice of violation.  In December 2019, the court stayed litigation to provide Casa Blanca an opportunity to exhaust administrative remedies.  The stay was lifted in November 2020.

In February 2021, Casa Blanca filed a second amended complaint adding allegations against the Commission.  The Commission demurred on grounds Casa Blanca failed to exhaust administrative remedies.  The trial court sustained the demurrer without leave to amend and entered judgment in favor of the County and Commission.[3]

---

[2] Casa Blanca has not appealed the trial court's rulings on the first and third causes of action.

[3] We deny Casa Blanca's request for judicial notice of a summons and complaint entitled *State Lands Commission v.*

DISCUSSION

Casa Blanca contends its claim is ripe because it has exhausted all available administrative remedies or is excused from doing so.  It seeks remand directing the trial court to determine whether it is currently obligated to construct the walkway.[4]

*Standard of Review*

An order granting summary judgment is reviewed de novo. "Summary judgment is appropriate only 'where no triable issue of material fact exists and the moving party is entitled to judgment as a matter of law.'  [Citation.]" (*Regents of University of California v. Superior Court* (2018) 4 Cal.5th 607, 618.)  We

---

*Casa Blanca Beach Owners Assoc., et al*, case no. 23CV03115, filed with the Superior Court of the County of Santa Barbara on July 20, 2023.  It seeks notice under Evidence Code sections 459 and 452, subdivision (d), which covers "Records of (1) any court of this state or (2) any court of record of the United States or of any state of the United States."  (See Evid. Code § 459, subd. (a), italics added ["The reviewing court *may* take judicial notice of any matter specified in Section 452"].)  Casa Blanca asserts the summons and complaint are relevant to this appeal because the State Lands Commission will be unable to finalize its boundary line determination until the boundary issue is resolved through settlement or judgment.  We deferred ruling on this request pending consideration of the merits of the appeal.  We now conclude the summons and complaint are not relevant to our analysis and accordingly, decline to take judicial notice.  The motion is denied.

[4] Casa Blanca maintains the offer to dedicate contains conditions precedent that must be satisfied before it is obligated to construct the walkway.

review an order sustaining a demurrer de novo.[5]  (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 (*Blank*).)

*Administrative Proceedings Have Not Been Exhausted*

The exhaustion of administrative remedies doctrine applies when there is an administrative remedy to questionable government action.  It assures certain prerequisites are met before legal action is taken.  (*Redevelopment Agency v. Superior Court* (1991) 228 Cal.App.3d 1487, 1492-93.)  Where an administrative remedy is provided by statute, relief must first be sought from the administrative body.  (*Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 292.)  This is a fundamental rule of procedure "followed under the doctrine of *stare decisis*, and binding upon all courts."  (*Id*. at p. 293.)  A court's intervention before an administrative agency has resolved the claim constitutes jurisdictional interference.  (*Plantier v. Ramona Municipal Water Dist.* (2019) 7 Cal.5th 372, 383.)  Courts "have no discretion to relax the exhaustion doctrine."  (*Park Area Neighbors v. Town of Fairfax* (1994) 29 Cal.App.4th 1442, 1449.)  Casa Blanca has the burden of proof to show it has exhausted its administrative remedies.  (*North Coast Rivers Alliance v. Marin*

---

[5] A demurrer sustained without leave to amend is reviewed for abuse of discretion.  (*Blank, supra,* 39 Cal.3d at p. 318.)  It is appellant's responsibility to support claims with colorable arguments and citations to legal authority.  If an argument is not made on a particular point, we may treat it as forfeited.  (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52.)  Casa Blanca did not assert an error by the trial court in denying leave to amend.  As such, we will discuss the court's granting County's motion for summary judgment and sustaining Commission's demurrer but decline to analyze the court's denial of leave to amend.

*Municipal Water Dist. Bd. of Directors* (2013) 216 Cal.App.4th 614, 624.)

A concept distinct from but similar to the exhaustion requirement is that there be a "ripe controversy." Ripeness looks at whether a controversy is "'definite and concrete.'" The ripeness doctrine prevents courts "'from entangling themselves in abstract disagreements over administrative policies,'" and protects administrative agencies from "judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." (*Pacific Legal Foundation v. California Coastal Com.* (1982) 33 Cal.3d 158, 171.)

Here, the questions of whether Casa Blanca has presented a ripe controversy and whether it has exhausted its administrative remedies overlap.
An administrative decision is final, i.e., ripe, "when the agency has exhausted its jurisdiction and possesses 'no further power to reconsider or rehear the claim.'" (*Long Beach Unified Sch. Dist. v. State of California* (1990) 225 Cal.App.3d 155, 169.) "Until a public agency makes a *final* decision, the matter is not ripe for judicial review." (*California Water Impact Network v. Newhall County Water Dist.* (2008) 161 Cal.App.4th 1464, 1485, italics added. See also, *Santa Barbara County Flower & Nursery Growers Assn. v. County of Santa Barbara* (2004) 121 Cal.App.4th 864, 875 ["In the context of administrative proceedings, a controversy is not ripe for adjudication until the administrative process is completed and the agency makes a final decision that results in a direct and immediate impact on the parties."].) Casa Blanca's action is not ripe because it has failed to exhaust its administrative remedies.

Casa Blanca contends the controversy is ripe because Commission staff threatens "millions of dollars in fines and penalties for an alleged delay in construction of a walkway." But threats are not formalized or final decisions. Neither the Commission nor the County has made a final decision whether to impose any fines or penalties or even whether they agree with Casa Blanca that the obligation to construct the walkway is subject to conditions precedent.

Citing *Sackett v. EPA* (2012) 566 U.S. 120, Casa Blanca argues the Commission's notice of violation, notice of intent, and refusal to commence administrative hearings are the equivalent of an agency final action proper for judicial review. But *Sackett* is distinguishable because the challenged agency compliance order was a final decision, subject to no further agency review, and from which the Sacketts were legally obligated to take specified actions. (*Id.* at p. 127.) The same is not true here. There has been no final agency decision.

Casa Blanca alleges it was excused from obtaining a final administrative decision because the process has been unreasonably delayed or halted by Commission staff's refusal to set a hearing on the permit application. (See e.g., *Hollon v. Pierce* (1967) 257 Cal.App.2d 468, 476.) However, the Commission is not obligated to schedule a hearing on the application until Casa Blanca completes it. (Cal. Code Regs., tit. 14, § 13062). Moreover, Casa Blanca has not but could (as it did previously) appeal the determination its application is incomplete and a hearing would then be required. (*Id.* § 13056 subd. (d).)

Casa Blanca similarly alleges the Commission has delayed by failing to provide a public hearing on the notice of intent pursuant to Public Resources Code section 30812. Public

8

Resources Code section 30812 provides for a public hearing if a timely objection to the recording of a notice of violation is submitted but it also states the notice of violation procedures may not be invoked "until all existing administrative methods for resolving the violation have been utilized." (Pub. Res. Code §30812, subds. (c), (g).) Here it appears Casa Blanca's objection was not timely[6] but also the Commission rescinded its intent to record the notice of violation, ending that portion of the enforcement proceedings.

Casa Blanca also relies upon the futility exception to the exhaustion requirement. The futility exception requires a party to affirmatively state ""the [agency] has declared what its ruling will be on a particular case."" (*Coachella Valley Mosquito & Vector Control Dist. v. California Public Employment Relations Bd.* (2005) 35 Cal.4th 1072, 1080-1081.) Casa Blanca asserts the futility exception applies because the Commission's decision is "certain to be adverse." Nothing in the record supports this assertion. Instead, the facts show the Commission's ongoing efforts to resolve the application's deficiencies. Casa Blanca's belief the Commission would agree with its staff's "adverse decision" is unavailing. (*Bennett v. Borden, Inc.* (1976) 56 Cal.App.3d 706, 710 ["preconception of the futility of administrative action did not permit [plaintiff] to bypass the administrative remedy"].)

---

[6] Casa Blanca waited 10 months to object, yet the code requires the objection be submitted within 20 days of the postmarked mailing of the notification. (Pub. Res. Code § 30812, subd. (b).)

9

*Code of Civil Procedure Section 1060 Does Not Entitle Casa Blanca to Declaratory Relief as a Matter of Law*

Casa Blanca argues the exhaustion doctrine does not apply to its claim for declaratory relief under Code of Civil Procedure section 1060. We disagree.

Section 1060 "authorizes a party 'who desires a declaration of [their] rights or duties with respect to another' to bring an original action 'for a declaration of [their] rights and duties,' and permits the court to issue 'a binding declaration of these rights or duties.'" (*Tejon Real Estate, LLC v. City of Los Angeles* (2014) 223 Cal.App.4th 149, 154.) A party, however, "may not evade the exhaustion requirement by filing an action for declaratory or injunctive relief." (*Contractors' State License Bd. v. Superior Court* (2018) 28 Cal.App.5th 771, 780.)

DISPOSITION

The judgment is affirmed. Respondents shall recover their costs on appeal.

CODY, J.

We concur:

GILBERT, P. J.

BALTODANO, J.

10

Pauline Maxwell, Judge

Donna Geck, Judge

Superior Court County of Santa Barbara

_____

Gaines & Stacey, Sherman L. Stacy, Lisa A. Weinberg, Rebecca A. Thompson, for Plaintiff and Appellant.

Santa Barbara County Counsel's Office, Brian Pettit, Senior Deputy, for Defendant and Respondent, County of Santa Barbara.

Rob Bonta, Attorney General, Daniel A. Olivas, Senior Assistant Attorney General, Christina Bull Arndt, Supervising Deputy Attorney General, and Elizabeth S. St. John, Deputy Attorney General, for Defendant and Respondent, California Coastal Commission.

Filed 6/25/24

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| CASA BLANCA BEACH ESTATES OWNERS' ASSOCIATION, <br><br>    Plaintiff and Appellant, <br><br> v. <br><br> COUNTY OF SANTA BARBARA et al., <br><br>    Defendants and Respondents. | 2d Civ. No. B314102 <br> (Super. Ct. No. 18CV04772) <br> (Santa Barbara County) <br><br> ORDER CERTIFYING OPINION FOR PUBLICATION <br> (No Change in Judgment) |

THE COURT[*]:

The opinion in the above-entitled matter filed on May 30, 2024, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

There is no change in the Judgment.

CERTIFIED FOR PUBLICATION.

---

[*] GILBERT, P.J., BALTODANO. J., CODY, J.,